# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| Marisella Gutierrez, Jimmy Harman, Mark Kidd, and James Norvell, on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>General Motors, LLC,<br><br>       Defendants. | No. 2:19-cv-12371<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## **Table of Contents**

I.      INTRODUCTION ................................................................4

II.     PARTIES ........................................................................10

        A.    Plaintiffs ...........................................................10

        B.    Defendant .........................................................11

III.    JURISDICTION AND VENUE ................................................12

IV.     FACTUAL ALLEGATIONS ....................................................13

        A.    Plaintiffs' Experiences with GM's Defective
              Transmissions...................................................13

        B.    GM's Defective Transmissions (GM Hydra-Matic 8L90
              and 8L45) ........................................................15

        C.    GM's Knowledge of the Defective Transmissions ...........18

              1.   Consumer Complaints Demonstrate that GM Was
                   or Should Have Been Aware of the Defective
                   Transmissions...........................................20

              2.   GM's Service Bulletins Demonstrate that GM Had
                   Knowledge of the Defective Transmissions as
                   Early as September 1, 2014. .................................37

              3.   GM Knew or Should Have Known of the Defect as
                   a Result of Trade Publications' Well-Publicized
                   Criticisms of the Defective Transmissions .............50

        D.    GM Instructed Dealership Employees and Technicians to
              Inform Class Members that Symptoms of the Defective
              Transmissions Were "Normal" ..............................52

        E.    The Defective Transmissions Are Covered by GM's
              Warranty ..........................................................53

COMPLAINT—CLASS ACTION- 1

V.      CLASS ACTION ALLEGATIONS ............................................................57

        A.      Class Definitions ...............................................................57

        B.      Class Certification Requirements .....................................58

VI.     EQUITABLE TOLLING .......................................................................62

        A.      Discovery Rule ..................................................................62

        B.      Tolling Due to GM's Fraudulent Concealment ................63

        C.      Estoppel .............................................................................63

VII.    CLAIMS FOR RELIEF .........................................................................64

        A.      Claims Asserted on Behalf of the Nationwide Class ........64

                **COUNT I** ........................................................................64

                **COUNT II** .......................................................................68

                **COUNT III** ......................................................................71

                **COUNT IV** ......................................................................72

                **COUNT V** ........................................................................74

        B.      Claims Brought on Behalf of the State Class(es) .............75

                **COUNT VI** ......................................................................75

                **COUNT VII** .....................................................................79

                **COUNT VIII** ....................................................................82

                **COUNT IX** ......................................................................85

                **COUNT X** ........................................................................87

                **COUNT IX** ......................................................................91

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

VIII. PRAYER FOR RELIEF ................................................................................95

IX. DEMAND FOR JURY TRIAL .....................................................................95

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs bring this action on behalf of themselves and all others similarly situated against Defendant General Motors, LLC ("GM" or "Defendant"). Plaintiffs allege the following based upon information and belief, the investigation of counsel, and personal knowledge of the factual allegations pertaining to themselves.

## I.     INTRODUCTION

1.     Jolting, lurching, and jerking are not desirable operating conditions for any automobile, but they are frequent experiences for Plaintiffs Marisella Gutierrez, Jimmy Harman, Mark Kidd, James Norvell, and members of the Class who purchased or leased vehicles manufactured by General Motors, LLC, equipped with dangerously defective transmissions ("Class Vehicles"). These defective transmissions—GM's Hydra-Matic 8L90 or 8L45—create safety hazards that are unacceptable and unreasonably dangerous to Plaintiffs, Class members, as well as their families, friends, and the other drivers and passengers with whom they share the roads. As detailed below, despite numerous service bulletins and attempts, GM has not repaired the defective transmissions or remedied the danger they pose.

2.     On information and belief, the Class Vehicles include the Model Year GM vehicles listed below. The list of Class Vehicles may expand or change on the basis of discovery as this case progresses.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Model Years | Make & Model |
|---|---|
| 2015-2019 | Chevrolet Silverado |
| 2017-2019 | Chevrolet Colorado |
| 2015-2019 | Chevrolet Corvette |
| 2016-2019 | Chevrolet Camaro |
| 2015-2017 | Cadillac Escalade |
| 2015-2017 | Cadillac Escalade ESV |
| 2016-2019 | Cadillac ATS |
| 2016-2019 | Cadillac ATS-V |
| 2016-2019 | Cadillac CTS |
| 2016-2019 | Cadillac CTS-V |
| 2016-2019 | Cadillac CT6 |
| 2015-2019 | GMC Sierra |
| 2015-2019 | GMC Yukon |
| 2015-2019 | GMC Yukon XL |
| 2017-2019 | GMC Canyon |

3.      GM's 8L90 and 8L45 transmissions are defective because they cause Class Vehicles to shudder, jerk, suddenly accelerate, fail to accelerate, fail to downshift, and delay stopping despite the application of brakes. These dangerous

COMPLAINT—CLASS ACTION- 5

occurrences are symptomatic of the defective transmissions' internal issues, including but not limited to defective torque converters. The defective transmissions suffer from excessive friction between components, which grinds off transmission parts and results in the circulation of metal shavings throughout the transmissions' hydraulic systems. These circulating metal shavings cause further damage that impairs the proper functioning of the transmissions' hydraulic systems and gears. This defect, the resulting damage, and GM's inability or unwillingness to fully repair the defect force consumers to pay additional repair costs over time. Meanwhile, the Class Vehicles equipped with these transmissions shudder, jerk, suddenly accelerate, fail to accelerate, fail to downshift, and don't stop promptly because they remain in gear too long. GM has known about the defect for years, has failed to adequately remedy the problem, and worse, has tried to convince consumers that the defect's symptomatic "surging" or "unexpected acceleration"—and perhaps other symptoms of the defect—were "normal."

4.     GM has known about these defective transmissions since 2014, if not earlier. Consumers have repeatedly filed complaints about driving GM automobiles with these defective transmissions with the National Highway Traffic Safety Administration and on internet forums, many of them noting that GM or dealership service technicians told them that what they experienced was "normal."

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.     The widespread misrepresentation that this defective performance was "normal" was based on GM's service bulletins, such as June 2016's PIP5405, which explicitly told GM dealers and service technicians that, despite numerous complaints related to "surging" or "unexpected acceleration," the vehicles were "operating as [d]esigned" and, further, that if the problem was found to be widespread it "should be considered a 'normal' characteristic of the vehicle."[1]

6.     As a result of these instructions from GM, numerous consumer complaints about GM's defective transmissions note that someone—including "GM," a "dealer," or a "service manager"—told the consumer that whatever issue they had experienced was "normal."

7.     Not surprisingly, numerous trade publications have also criticized the operation of these transmissions and the GM automobiles equipped with them. Despite these complaints, GM has never fully fixed the defective transmissions and never ceased selling vehicles equipped with them. As a result, GM continues to be unjustly enriched by the sale of Class Vehicles, while consumers continue to be endangered by vehicles equipped with defective transmissions and to pay excessive costs to maintain and repair defective vehicles.

---

[1] Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

8.     To the extent that GM and its dealers have attempted to repair these defective transmissions, the repairs were ineffective, consisting of patchwork software updates, parts replacements, and other insufficient procedures. These transmission repairs are also expensive, often requiring consumers to pay hundreds, if not thousands, of dollars to repair or replace the transmissions, related components, or other parts that become damaged because of the defective transmissions. Worst of all, the repairs don't work—the defect persists.

9.     Plaintiff Gutierrez has already had her transmission serviced under her warranty, but the defect persists, and Plaintiff Gutierrez fears that her warranty will no longer cover service or repairs. Plaintiff Harman has had his transmission serviced multiple times under warranty and fears that his warranty will no longer cover service or repairs. Additionally, Plaintiff Norvell has also visited a dealership for repairs that have not resolved the problem, and staff informed him that the problem was "normal" and would "resolve itself" after a "break-in period." The problem persists and Norvell fears that ongoing repairs will not be covered by his warranty after it expires. Plaintiff Kidd shares the same fear that ongoing repair attempts will not be covered by warranties. In short, GM has been unable to fix Plaintiffs' defective transmissions despite multiple attempts, and once their warranties expire, Plaintiffs will be forced to pay out of pocket for future repair

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

efforts as a result of the defect. Meanwhile, they are stuck with Class Vehicles that are both unsafe and unpleasant to drive due to their defective transmissions.

10.    GM has received complaints related to these defective transmissions consistently since 2014, across dozens of makes and models. Despite being unable to adequately repair the defective transmissions, GM has not yet redesigned them, instituted a recall that would permanently repair the defective transmissions, replaced them with a functional design, or offered any other form of permanent resolution or compensation to consumers.

11.    By failing to repair the defective transmissions, GM has allowed the dangers of the defective transmissions to persist and unfairly shifted the costs of repairing the defective transmissions onto Class Members.

12.    This action arises from GM's failure, despite its longstanding knowledge of the transmission defects, to disclose, adequately repair, or recall Class Vehicles' defective transmissions. Moreover, GM took the affirmative step of telling GM dealers and service technicians to tell consumers that "surging" or "unexpected acceleration" should be considered "normal," misinformation which dealers and technicians—on information and belief and based on numerous consumer complaints to NHTSA and in online forums—regularly passed on to consumers. Plaintiff Norvell, for example, when visiting his GM dealership for a repair related to his vehicle's jolting, lurching, and jerking, was told the issue was "normal" and

that it would "resolve itself" after a break-in period. But this problem is abnormal and remains unresolved.

13.   GM's conduct means that Plaintiffs, Class members, and their passengers continue to face unreasonably dangerous driving conditions that are a product of GM's defective transmissions.

## II.   PARTIES

### A.   Plaintiffs

14.   Plaintiff Marisella Gutierrez is a Georgia citizen who resides in Marietta, Georgia. She purchased a 2017 Chevrolet Silverado equipped with a defective transmission in November 2017 from All American Chevrolet of San Angelo, Texas.

15.   Plaintiff Jimmy Harman is a North Carolina citizen who resides in High Point, North Carolina. He purchased a 2017 GMC Yukon Denali equipped with a defective transmission in April 2017 from Vann York Auto Group in High Point, North Carolina.

16.   Plaintiff Mark Kidd is a Tennessee citizen who resides in Knoxville, Tennessee. He purchased a 2016 GMC Sierra equipped with a defective transmission in June 2017 from Rusty Wallace Cadillac, GMC and Kia in Morristown, Tennessee.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

17.     Plaintiff James Norvell is a Kentucky citizen who resides in Hopkinsville, Kentucky. He purchased a 2018 Chevrolet Colorado with a defective transmission in July 2018 from Patriot Chevrolet in Hopkinsville, Kentucky.

**B.     Defendant**

18.     Defendant General Motors, LLC, designs, manufactures, markets, distributes, and leases passenger vehicles, including the Class Vehicles, in all fifty states and the District of Columbia. General Motors LLC is the warrantor and distributor of the Class Vehicles in the United States.

19.     General Motors, LLC, has its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265. The sole member and owner of General Motors, LLC, is General Motors Holdings LLC. General Motors Holdings LLC's only member is General Motors Company, which has a 100% ownership interest in General Motors Holdings LLC.

20.     General Motors, LLC, General Motors Holdings LLC, and General Motors Company are all Delaware limited liability companies with their principal places of business in the State of Michigan.

21.     At all relevant times, Defendant was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, selling, and leasing Class Vehicles and component parts thereof and therefor throughout the United States.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III.   JURISDICTION AND VENUE

22.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). At least one member of the proposed class is a citizen of a different state than GM, the number of proposed class members exceeds 100, and the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

23.    This Court has personal jurisdiction over Defendant because it has conducted substantial business in this District, is properly at home in this District, and intentionally and purposefully placed Class Vehicles into the stream of commerce within this District and throughout Michigan and the United States.

24.    Venue properly lies in this District pursuant to 28 U.S.C. § 1391 (a)–(c) because: (1) Defendant maintains operational facilities in this District; (2) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; (3) Defendant conducts a substantial amount of business in this District; and (4) Defendant is headquartered in this District. Accordingly, Defendant has sufficient contacts with this District to subject Defendant to personal jurisdiction in the District and venue is proper.

25.    Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the various state law claims in this Complaint because all of the

claims are derived from a common nucleus of operative facts and are such that Plaintiffs would ordinarily expect to try them in one judicial proceeding.

## IV.   FACTUAL ALLEGATIONS

### A.   Plaintiffs' Experiences with GM's Defective Transmissions

26.     Plaintiff Marisella Gutierrez purchased her 2017 Chevrolet Silverado in November 2017 from All American Chevrolet of San Angelo, Texas. This truck came equipped with the defective 8-speed transmission. While driving, Plaintiff has repeatedly felt her Silverado truck jolt forward and witnessed her engine speed (in revolutions per minute, or "RPM") increasing and decreasing erratically. Plaintiff has had the vehicle serviced multiple times while under warranty, but the problem persists and the repairs have not remedied the defect or its symptoms. Plaintiff fears that ongoing repairs will soon no longer be covered under her warranty and that she will have to pay out-of-pocket expenses to service or repair the defective transmission that her truck came equipped with from the factory and that GM and its dealers have been unable or unwilling to repair.

27.     Plaintiff Jimmy Harmon purchased his 2017 GMC Yukon Denali in April 2017 from Vann York Auto Group in High Point, North Carolina. This vehicle came equipped with the defective 8-speed transmission. While driving, Plaintiff has repeatedly felt his Denali shake, jolt, and jerk—once so violently that it caused the vehicle to jump forward and over a curb, and multiple times so violently that he has

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

nearly rear-ended other vehicles. Plaintiff has had the vehicle serviced multiple times while under warranty, but the problem persists. Replacing tires, the torque converter, valve body, and transmission fluid changes have not resolved the defect or its symptoms. Plaintiff fears that ongoing repairs will soon no longer be covered under the warranty and that he will have to pay out-of-pocket expenses to service or repair the defective transmission in his vehicle.

28.     Plaintiff Mark Kidd purchased his 2016 GMC Sierra in June 2017 from Rusty Wallace Cadillac, GMC and Kia in Morristown, Tennessee. This truck came equipped with the defective 8-speed transmission. While driving, Plaintiff has repeatedly felt his Silverado truck jolt forward, as if struck from behind. These problems persist.  Plaintiff fears that ongoing repairs will soon no longer be covered under his warranty and that he will have to pay out-of-pocket expenses to service or repair the defective transmission in her truck.

29.     Plaintiff James Norvell purchased his 2018 Chevrolet Colorado in July 2018 from Patriot Chevrolet in Hopkinsville, Kentucky. This truck came equipped with the defective 8-speed transmission. While driving, Plaintiff has repeatedly felt his Colorado truck jolt, lurch, and jerk. Plaintiff has visited the dealership for repair, but staff informed Plaintiff that the problem was "normal" and would "resolve itself" after a break-in period rather than offering or performing any repair of the defect. The problem has not "resolved itself." Plaintiff

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fears that ongoing repairs will soon no longer be covered under his warranty and that he will have to pay out-of-pocket expenses to service or repair the defective transmission in his truck.

**B.     GM's Defective Transmissions (GM Hydra-Matic 8L90 and 8L45)**

30.     Prior to 2015, GM vehicles had automatic transmissions of six or fewer speeds. But in January 2014, GM and its subsidiary brands began marketing new, 8-speed automatic transmissions. GM intended for these new transmissions, the Hydra-Matic 8L90 and 8L45, to be included in certain GM-brand vehicles for model year 2015 and beyond. GM marketed and sold its new 8-speed automatic transmissions as having "world-class performance" that would rival top performance vehicles with lightning-fast and smooth shifting and improved fuel efficiency, among other qualities.[2]

31.     These advanced, computer-controlled automatic transmissions automate gear changes by using multi-plate clutches and engage and disengage gears based on constant monitoring of the amount of power that the engine is producing and the speed at which the vehicle is traveling. Based on power and speed, the transmission engages and disengages gears using pressurized hydraulic fluid. When

---

[2] *New 8-Speed Enables Quicker, More Efficient Corvette*, Chevrolet Pressroom (Aug. 20, 2014), https://media.chevrolet.com/media/us/en/chevrolet/news.detail.html/content/Pages/news/us/en/2014/Aug/0820-8speed/0820-corvette-8-speed-lead.html (last visited Aug. 8, 2019).

COMPLAINT—CLASS ACTION- 15

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

GM introduced the new 8-speed 8L90 and 8L45 transmissions in 2014, they purported to offer several advances on earlier automatic transmission technology. One benefit was more and closer gear ratios: with eight gears instead of six, the gear selected can better match the engine speed and travel velocity of the vehicle to maximize fuel economy. However, more gears, and thus more frequent shifts, would be unpleasant and potentially unsafe if the shifts were not actuated quickly and smoothly and felt harsh or sudden.

32.     In a January 13, 2014 GM press release, GM introduced the new 8L90 transmission as "tuned for world-class shift-response times," and claimed that it could "deliver shift performance that rivals the dual-clutch/semi-automatic transmissions found in many supercars—but with the smoothness and refinement that comes with a conventional automatic fitted with a torque converter."[3] Further, according to GM, the technology and design of the new 8L90 transmission "help make the new [Corvette] Z06 surprisingly fuel efficient."[4] GM touted similar

---

[3] *2015 Chevrolet Corvette Z06 is Most Capable, Ever*, GM Corporate Newsroom (Jan. 13, 2014), https://media.gm.com/media/us/en/gm/autoshows/detroit.detail.html/content/Pages/news/us/en/2014/Jan/14naias/Corvettes/Z06-corvette/0113-z06.html (last visited Aug. 8, 2019).

[4] *Id.*

COMPLAINT—CLASS ACTION- 16

characteristics for its 8L45 transmission in press releases in 2015.[5] Unfortunately, GM's claims about the 8L90 and 8L45 transmissions were untrue.

33.    The defects in the 8L90 and 8L45 transmissions cause dangerous conditions in Class Vehicles, including sudden "surging" or "unexpected acceleration," or, alternatively, a loss of forward momentum or delayed acceleration. These conditions present a safety hazard because they can severely affect a driver's ability to control his or her vehicle: for example, Plaintiffs have repeatedly experienced their Class Vehicles suddenly jolt forward, as if struck from behind by another vehicle. Such an occurrence is not only startling, but also potentially injurious to Plaintiffs, their passengers, and their fellow drivers.  Despite numerous service bulletins and apparent repair attempts, GM has not repaired the defective transmissions or remedied the danger they pose.

34.    On information and belief, the defective transmissions also suffer from premature wear and tear. This wear and tear precipitates more dangerous

---

[5] *See, e.g.*, *2016 Camaro's Driving Fun Rooted in New Powertrains*, GM Corporate Newsroom (May 16, 2015), https://media.gm.com/media/us/en/gm/news.detail.html/content/Pages/news/us/en/2015/may/2016-camaro/0516-camaro-powertrains.html (last visited Aug. 8, 2019); *Cadillac CT6 to Debut Next Generation Powertrain*, Cadillac Pressroom (Mar. 23, 2015), https://media.gm.com/media/me/en/cadillac/news.detail.html/content/Pages/news/me/en/2015/cadillac/Cadillac-CT6-to-Debut-Next-Generation-Powertrain.html (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

occurrences and also damages the transmission and related parts. This can lead to repeated and/or expensive repairs, including replacement of the transmission and other vehicle parts. Unfortunately for Class Plaintiffs, not only did GM make false representations about its defective transmissions' ability to deliver "comfort and drivability," "lightning-fast shifts," and "enhanc[ed] refinement, particularly during low-speed gear changes," but GM knew that its transmissions were defective.[6]

## C.     GM's Knowledge of the Defective Transmissions

35.     As early as September 2014, GM knew or should have known that the 8L90 and 8L45 transmissions were defective in design and/or manufacture and that the defective transmissions would adversely affect the drivability of the Class Vehicles and cause dangerous driving conditions for purchasers and lessees.

36.     Plaintiffs, based on information and belief, allege that prior to the sale of Plaintiffs' vehicles and the other Class Vehicles, GM knew or should have known about the defective transmissions through GM's access to both public and non-public data, including: (1) internal development and engineering information, (2) presale testing data, (3) consumer complaints about the defective transmissions to the National Highway Traffic Safety Administration, to dealers, and on internet

---

[6] *New 8-Speed Enables Quicker, More Efficient Corvette*, Chevrolet Pressroom (Aug. 20, 2014), https://media.chevrolet.com/media/us/en/chevrolet/news.detail.html/content/Pages/news/us/en/2014/Aug/0820-8speed/0820-corvette-8-speed-lead.html (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

forums; (4) internal GM service bulletins regarding the defective transmissions; and (5) well-publicized criticisms of the defective transmissions in various trade publications.

37.     Furthermore, because GM's warranty terms cover the defective transmissions and the dangers that they created for Class Plaintiffs and other Class Members, GM knew or should have known about the defects in the transmission through its dealers' warranty-covered service of the defective transmissions. On information and belief, GM knew or should have known about the defective transmissions based on the following: pre-release testing data, early consumer complaints to GM dealers who were and/or are their agents for vehicle repairs, warranty claim data related to the defect, aggregate data from GM's dealers, dealership repair orders, testing conducted in response to owner or lessee complaints, and other internal sources of information.

38.     Nevertheless, GM actively concealed and failed to disclose the defective transmissions to Plaintiffs and Class Members, both at the time of purchase or lease and throughout the ownership period or the lease term. This is evidenced by GM's June 2016 service bulletin, PIP5405, which told GM dealers and service technicians that regardless of customers' complaints about "surging" or "unexpected acceleration," the vehicles were "operating as [d]esigned," and that if the problem was found to be widespread enough, it should be considered a "'normal'

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

characteristic of the vehicle."[7] GM's dealers and technicians apparently passed this misinformation onto various customers—numerous NHTSA complaints mention that someone ("GM," a "dealer," or a "service manager") told them that the defect's various symptoms were "normal." When Plaintiff Norvell, for example, visited a GM dealership for repairs related to his truck's jolting, lurching, and jerking, he was told that the problem was "normal" and would "resolve itself" after a break-in period.

39.     Even if GM learned of the defects after Class Vehicles initially went on sale, it was under an ongoing duty to remedy the problem and has not done so.

**1.  Consumer Complaints Demonstrate that GM Was or Should Have Been Aware of the Defective Transmissions.**

40.     Consumer complaints (a) filed with the NHTSA and (b) posted on internet forums demonstrate that GM knew or should have known about its defective transmissions and the dangers they caused for Plaintiffs and Class members.

**a.     Consumer Complaints to the National Highway Transportation and Safety Administration**

41.     The National Highway Transportation and Safety Administration ("NHTSA") has received hundreds of complaints about GM's defective

---

[7] Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

transmissions. Upon information and belief, GM regularly monitors NHTSA complaints to track potential defects and safety issues, which, under federal law, must be reported within five days. Based on the high number of NHTSA complaints consumers have filed regarding vehicles with GM's defective transmissions, GM was effectively put on notice and made aware of the defective transmissions. Unfortunately for Class Members, GM refused to diagnose and adequately repair the defective transmissions, let alone recall Class Vehicles. The consumer complaints below make it abundantly clear that GM knew—or certainly should have known—that there were serious, dangerous problems with its transmissions, and that GM was unable to ultimately fix the problem, with consumers reporting, for example, that "the shudder . . . return[ed]," or that their vehicle "continu[ed] to shift hard" even after GM attempted to repair it. Additionally, that GM dealers and technicians repeatedly told consumers that the defect's symptoms were "normal."[8]

> (i)  2015 Chevy Silverado 1500. Complaint Filed: June 20, 2019. NHTSA ID Number: 11221558. Consumer Location: Sitka, AK.
>
>> **(1)  Summary of Complaint:** When in motion harsh shifting between gears, sometimes so violent it feels like another car hit me. When accelerating

---

[8] The following complaints appear in the online NHTSA database and concern class vehicles. *Safety Issues & Recalls*, NHTSA, https://www.nhtsa.gov/recalls (last visited Aug. 8, 2019). NHTSA complaints are recorded and published in all-caps. This formatting has been changed to sentence case for readability. The substance, including grammar and spelling, of each complaint is otherwise unaltered.

COMPLAINT—CLASS ACTION- 21

the transmission seems to search for gears, and is sluggish for a high horsepower vehicle. Concerning when trying to accelerate in traffic, transmission hesitates and does not immediately apply power. Had transmission serviced 5 months ago due to shudder and shake between 20-35MPH. Transmission fluid flush helped for a few months, but shudder is returning as well.

(ii)    2016 Chevy Silverado 1500. Complaint Filed: April 5, 2019. NHTSA ID Number: 11194127. Consumer Location: Wappingers Falls, NY.

(1)    **Summary of Complaint:** Transmission has hard shifting from starting position, while driving and slowing down. 50% of the time you can hear a clunking when hard down shifting. I have had the dealer look into this over 6 times already, and on one occasion it had been "reprogrammed" and on one occasion a part had been changed. It still continues to shift hard as noted above. Odometer as of 4/5/19 is 17,093. Have service scheduled for April 8, 2019 for shifting issues and motor oil change.

(iii)    2017 Chevy Silverado 1500. Complaint Filed: June 22, 2019. NHTSA ID Number: 11221832. Consumer Location: Roscoe, IL.

(1)    **Summary of Complaint:** Shortly after purchasing my truck, I began experiencing hard shifts, gear searching, clunking, and hanging between gears. Occasionally the shift would be so hard it would feel as though the truck was struck from behind by another vehicle or object. Multiple trips to the dealer has resulted in numerous attempted fixes with no relief of the problem. Currently the truck is back at the dealership, having the entire transmission replaced. This is causing a depreciation of the value of the truck as well as an

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

unsafe condition while driving.

(iv)     2018 Chevy Silverado 1500. Complaint Filed: November 20, 2018. NHTSA ID Number: 11193583. Consumer Location: Gig Harbor, WA.

    (1)     **Summary of Complaint:** The transmission slips or shudders, also has free wheeled when going down hill at slow speeds, also occurs in reverse, usually about 1 to 2 car lengths. Have returned to the dealer several times and been told that GM does not have a remedy. Had the service recommendation of a transmission flued flush done twice with different fluid installed with no change. Has been in the dealers shop for 3 weeks with GM looking at the problem, no solution in sight. No confidence that GM can fix the problem. This could develop into a serious safety issue.

(v)     2017 Chevy Silverado. Complaint Filed: May 21, 2019. NHTSA ID Number: 11208961. Consumer Location: Whitefish, MT.

    (1)     **Summary of Complaint:** Hard shifting & slipping of the transmission started at about 10,000 miles. Dealer unable to repair even though they tried 4 times including a remanufactured transmission. Not sure what type of damage is occurring to the transmission with this hard shifting.

(vi)     2018 Chevy Colorado. Complaint Filed: March 25, 2019. NHTSA ID Number: 11191298. Consumer Location: Shepherdsville, KY.

    (1)     **Summary of Complaint:** The contact owns a 2018 Chevrolet Colorado. While approaching a stop, the vehicle downshifted without warning. The failure occurred intermittently. Bob Hook Chevrolet (4144 Bardstown Rd., Louisville, KY 40218, (844) 212-4818) diagnosed and repaired the torque converter and changed the fluid, but the

COMPLAINT—CLASS ACTION- 23

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

failure persisted.  The manufacturer was made aware of the failure. The failure mileage was 15,000.

(vii)    2019 Chevy Colorado. Complaint Filed: March 21, 2019. NHTSA ID Number: 11190618. Consumer Location: New Lebanon, OH.

    (1)    **Summary of Complaint:** Vehicle transmission seems to late down shift when slowing, causing the vehicle to jump forward once shifting has completed.

(viii)    2015 Chevy Corvette. Complaint Filed: July 26, 2018. NHTSA ID Number: 11113946. Consumer Location: Wellington, FL.

    (1)    **Summary of Complaint:** 2017 Corvette Stingray Z51 – 8-speed automatic transmission torque converter. With only 7,500 miles on it started to run jerky and RPMs would fluctuate for no reason (especially at highway speeds when fully warmed up). Often felt like driving on a washboard dirt road. After a cold start, there was a delay after shifting into drive. When it engaged after several seconds it would do so violently, lurching the car forward suddenly. Dealer diagnosed faulty torque converter as defective and a known problem with these transmissions.

After less than 2,000 miles the symptoms returned and the dealer again replaced the torque converter. So now I'm on my 3rd defective TC. After 1,700 miles, symptoms returned again! Dealer said that Chevrolet and GM have ordered a stop on replacing the TC's since no fix was available. GM advised to drain and flush tranny, refilling with Mobil1 transmission fluid. This seemed to work (only for a little longer) but is worrisome because in the future service, a technician will likely refill

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

with GM fluid, not Mobil1. Especially if a second owner.

Now at 16,100 miles the symptoms are returning! Jerkiness, slamming into gear after a delay on cold starts.

GM seems to have turned their back on Stingray owners by kicking the can down the road beyond warrantee (with the Mobil1 "band-aid fix"). On the forums there are so many owner complaining about this same issue. I am amazed that there is no official investigation resulting in a recall. This Z51 LT3 Stingray was $75,000 OTD! For this cost we should be able to expect a quality vehicle and a motor company that stands behind it!

Can somebody please help us with this serious and potentially dangerious problem?

(ix)     2016 Chevy Corvette. Complaint Filed: November 1, 2018. NHTSA ID Number: 11144655. Consumer Location: Orlando, FL.

(1)     **Summary of Complaint:** Known issues with a sub standard torgue converter causing a shudder and jerky motion the car starts demonstrating accompanied by fluctuating engine RPMs. This Corvette is equipped with a 8I90 8-speed automatic transmission. Its especially noticeable when cruising at highway speed with the cruise control engaged, however it displays this problem whether the cruise control is engaged or not. This issue seems to have affected about 20,000 Corvettes until about the end of October 2016 production dates. Internet research shows tha this is a wide spread problem and there should be a recall on these vehicles that requires GM to replaces the transmission and torque converter.

COMPLAINT—CLASS ACTION- 25

(x)     <u>2018 Chevy Corvette</u>. Complaint Filed: May 7, 2019. NHTSA ID Number: 11206102. Consumer Location: Diamondhead, MS.

    **(1)**    **Summary of Complaint:** 8-speed automatic transmission "bucks" and "clunks" during acceleration or during up shifting. It does this either in full automatic or manual shifting mode.

(xi)     <u>2015 Cadillac Escalade</u>. Complaint Filed: April 8, 2019. NHTSA ID Number: 11194815. Consumer Location: Bay Minette, AL.

    **(1)**    **Summary of Complaint:** I've had this vehicle since 3-28-2019 and I'm already having shifting problems with the vehicle. After doing some research, I've discovered that this is a common issue with Cadillac. My Escalade has 45,000 miles on it, so this shouldn't be a problem. I'm worried about this hesitation problem during driving, which may led to a potential accident or worse.

(xii)     <u>2016 Cadillac Escalade</u>. Complaint Filed: June 21, 2019. NHTSA ID Number: 11221758. Consumer Location: Upland, CA.

    **(1)**    **Summary of Complaint:** The 8-speed transmission has been jerky at slow speeds from almost day one. But after 30,000 miles it has become worse. At time after starting the vehicle and placing into gear it will suddenly and violently lung forward and reverse, when accelerating from a slow speed it will stall abruptly, twice causing an engine code. Two dealers have tried to fix it, but haven' been able to. This seems to be a much bigger problem related to the 8-speed transmission in general.

(xiii)     <u>2016 Cadillac Escalade</u>. Complaint Filed: June 6, 2019. NHTSA ID Number: 11218272. Consumer Location: Vista, CA.

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(1)     **Summary of Complaint:** The transmission has multiple malfunctions. Delayed shifts, hard shifts both when shifting up or down, very large clunk or hard shift when going from 2nd to first. Very unpleasant transmission and multiple ways. Dealer keeps telling me that the transmission is adaptive to the driver and it needs to learn habits. I have had the vehicle for over a year. Sounds like a cop out to me. Not very happy with GM!

(xiv)   2017 Cadillac Escalade. Complaint Filed: March 18, 2019. NHTSA ID Number: 11189745. Consumer Location: Houston, TX.

(1)     **Summary of Complaint:** When I am driving on smooth surface streets sometime there a feel of intermittent juttery ride which feels like you are riding over very small speed bumps very close together. I was told by two (2) mechanics that there is a problem with the transmission that is causing this. I started about two (2) months ago and continue daily.

(xv)    2016 Cadillac ATS. Complaint Filed: October 24, 2018. NHTSA ID Number: 11142383. Consumer Location: Philadelphia, PA.

(1)     **Summary of Complaint:** While driving vehicle slowly or in stop and go traffic, the transmission shifts very rough between the lower gears on upshifts and downshifts and will hold a gear hanging while trying to brake or accelerate and cause the vehicle to rapidly lunge forward and cause a potential accident as it becomes hard to apply more pressure to the brakes suddenly.

(xvi)   2017 Cadillac CTS-V. Complaint Filed: June 25, 2019. NHTSA ID Number: 11222338. Consumer Location: Williamson, NY.

(1)     **Summary of Complaint:** Car has locked in 2nd or

COMPLAINT—CLASS ACTION- 27

3rd gear two different times, both after long drives (2+ hours at highway speeds) and would not downshift into 1st to stop movement. The first time was a stop light and almost caused an accident, the second time was in my driveway and almost hit the house. Good brakes are the only thing that saved me.

Both times, the vehicle shifted to 1st with a loud bang.

Transmission also jerks the car forward from the stopped position when engine starts at a stop sign or light (when auto-start/stop is enabled).

(xvii)     2015 GMC Sierra. Complaint Filed: April 26, 2019. NHTSA ID Number: 11203899. Consumer Location: Fayetteville, AR.

   (1)     **Summary of Complaint:** Transmission shifted hard, delayed acceleration at times, shuddered and jerked. This was usually slowing down to turn around 30 or 40 MPH as the truck was in motion. After only two years the entire transmission had to be rebuilt. The transmission was shifting poorly the moment I drove it off the lot even if it "adaptive learning" you could tell there was something wrong.

(xviii)    2016 GMC Sierra. Complaint Filed: April 25, 2019. NHTSA ID Number: 11203727. Consumer Location: Arnold, MO.

   (1)     **Summary of Complaint:** Transmission shifts hard going from 1st to 2nd gear with no fix from GM. Complained to dealer they said it's normal and there's no fix for the issue. Issue also persist when going from drive to reverse, a hard shift that I've never experienced before in several previous GM products I owned or currently own. Happens every

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

time I drive the vehicle.

(xix)     2017 GMC Sierra. Complaint Filed: March 15, 2019.
NHTSA ID Number: 11203759. Consumer Location:
Bossier City, LA.

(1)     **Summary of Complaint:** "Have taken my 2017
GMC Sierra into the dealership twice for
transmission issues, the last time was a month ago.
Both times I was told that there wasn't anything
wrong but that the transmission software was "re-
flashed" and that the transmission would have to
"re-learn my driving habits". My truck is still
having problems. While upshifting from 1st to 2nd
gear, the transmission sometimes hesitates before
it engages and then causes the truck to lunge
forward with a huge slam. While downshifting
from 2nd to 1st gear, the transmission will make a
very noticeable "clunk". I'm about to take it back a
3rd time. This is extremely frustrating my bought
my truck less than 2 years ago and it only has
25,000 miles."

(xx)     2018 GMC Sierra. Complaint Filed: May 11, 2019.
NHTSA ID Number: 11206941. Consumer Location:
Ogden, UT.

(1)     **Summary of Complaint:** Daily the transmission
has a hard shift from 1st to 2nd gear. Potentially
causing me to loose control of the vehicle. Ive had
it in the GMC shop 3 times and GMC is unable to
fix the problem. After the vehicle sits for periods
of 4 hrs or more the problem reoccurs. This is a
serious political safety hazard in the 8speed
transmission and needs to be recalled and fixed
with a new transmission.

(xxi)     2019 GMC Sierra. Complaint Filed: April 25, 2019.
NHTSA ID Number: 11203684. Consumer Location:
Lenoir, NC.

COMPLAINT—CLASS ACTION- 29

(1)    **Summary of Complaint:** Transmission jerks into gear when slowing down. When speeding up truck will jerk. Service manager said it was normal. Truck feels like it the rear end falls out when stopping.

(xxii)    2015 GMC Yukon Denali. Complaint Filed: April 5, 2019. NHTSA ID Number: 11194224. Consumer Location: Blythewood, SC.

(1)    **Summary of Complaint:** The 8-speed automatic transmission on my GMC Yukon Denali has a slippage issue that has persisted in our vehicle for a while unresolved. GM has replaced torque converter, module and now they are claiming through dealer that the issue resides with AT fluid. This slippage is bad because car jerks and sometimes hard. This issue needs to be addressed by GM as they know they have issues with this 8-speed AT. The issue happens at stops and at slow speeds.

(xxiii)    2015 GMC Yukon Denali. Complaint Filed: September 18, 2018. NHTSA ID Number: 11130274. Consumer Location: Vancleave, MS.

(1)    **Summary of Complaint:** Vehicle clunks or hard shift while shifting vehicle from park to drive, or park to reverse. Happens every morning or while transmission has cooled down. Dealer indicates there's no fix for this condition, not even a update to transmission software.

(xxiv)    2016 GMC Yukon. Complaint Filed: February 20, 2019. NHTSA ID Number: 11181454. Consumer Location: Encinitas, CA.

(1)    **Summary of Complaint:** TL* The contact owns a 2016 GMC Yukon. While the vehicle was accelerating from a stop, the transmission shuddered and failed to respond appropriately. The

COMPLAINT—CLASS ACTION- 30

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RPM gauge was erratic and flashed. The vehicle was towed to Marvin K. Brown Auto Center (1441 Camino Del Rio South, Auto Cir, San Diego, CA 92108) where it was determined that a power train warranty provision was not an available option and the manufacturer had not issued a power train recall. The dealer diagnosed that the transmission needed to be replaced. The vehicle remained at the dealer and had not been repaired. The manufacturer was notified of the failure. The VIN was not available. The approximate failure mileage was 130, 268.

(xxv)   2017 GMC Yukon. Complaint Filed: May 15, 2018. NHTSA ID Number: 11093948. Consumer Location: Broken Arrow, OK.

(1)   **Summary of Complaint:** Transmission shifts are very rough in slow traffic with as much as one to two second delays in shifting into gear with a loud thump. It is so rough that it feels like someone may have ran into the your back bumper. It is also bad enough that it startles the driver and could be a safety issue. GM is saying that this is normal for this eight speed transmission. If my car, the one I'm driving now, had this same problem I would definitely replace the transmission. This is a 2017 Denali with less than 5000 miles on it. Online there are many complaints about this and it seems that GM is trying to wait the public out now that the new vehicles have a new ten speed transmission. The dealer told me they could not fix the problem and we would have to live with it. Again, this to me is a major safety issue.

(xxvi)   2017 GMC Canyon. Complaint Filed: August 1, 2018. NHTSA ID Number: 11066975. Consumer Location: Norman, OK.

(1)   **Summary of Complaint:** The GMC 2017 Canyon

COMPLAINT—CLASS ACTION- 31

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

vibrates at highway speed 60MPH to 70MPH. The 2nd day after I bought it took it on long trip found it had vibration problems. After taking it to the dealership for tire balance twice replaced front wheel bearing then transmission flush. Then after transmission flush had vibration between 40-45 they said it was normal that there was nothing else they could do. Due to vibrations over time this concerns me. For being stranded or worse causing an accident from something coming loose. I've already had to tighten up my spare tire. I bought this pickup for long trips since I've retired. Like the one my wife and I are going on in June of this year. I also feel if there going to sell crap like this they need to put the vibration issues on the accessory 'list so buyers will have the option whether to buy or not. I would have not bought a $40,000.00 vibrator!!!

(xxvii)  2018 GMC Canyon. Complaint Filed: December 14, 2018. NHTSA ID Number: 11161458. Consumer Location: New Hill, NC.

(1)  **Summary of Complaint:** Rumbling of transmission. Clucky start. GM dealer acknowledges the problem and has tried to repair vehicle. GM says at this time the truck 8 speed transmissions are not fixable

b.  **Consumer Complaints on Internet Forums**

42.  In addition to NHTSA complaints, consumers have also complained about GM's defective transmissions on websites dedicated to discussing GM vehicles. On information and belief, GM monitors major forums dedicated to its products and was or should have been aware of these complaints. The complaints below highlight GM's inability to repair the defect, with one complaint noting that

the "MAIN issue is still not fixed after many many trips to service." Additionally,

one of the consumer complaints below notes that they were told the issues they had

with the defective transmission were "NORMAL," while another says that the dealer

told him/her "that all the 8 speed trans act that way."

    a.    <u>2015 Cadillac Escalade</u>. September 2016 complaint:

> We have owned our vehicle since August 2015. We have
> had problems since the first day. Bad airbags, steering
> wheel had to be replaced 3 times, steering column
> replaced, torque converter replaced, front camera
> replaced. The MAIN issue is still not fixed after many
> many many trips to Service. There is a rough idle at any
> stop. The engine idle is so rough that the RPM's bar is
> moving up and down while the car is stopped. At times it
> feels like the car is going to shut off. Cadillac is not
> accepting responsibility and is saying this is NORMAL.
> So...if you like a rough idle in a $100,000 Luxury vehicle
> go ahead and buy this SUV. Otherwise, I would suggest
> you go down the road and find a different luxury
> vehicle.[9]

    b.    <u>2015 GMC Sierra Denali</u>. March 2016 complaint:

> I too have a 2015 Denali with the 6.2/8 speed. I brought
> it into the dealer Monday with a check engine light and
> 14,140 miles. I bought it new exactly a year ago. It has
> had some hesitation issues, but otherwise, no major
> mechanical complaints. The dealer told me they had to
> reprogram the transmission, which would take an hour

---

[9] Melissa S., *Stay Away From This Vehicle*, Posting to *2015 Cadillac Escalade –
Consumer Review*, Edmunds.Com (Sept. 29, 2016, 2:24 PM),
https://www.edmunds.com/cadillac/escalade/2015/consumer-reviews/review-
991415092109737984/ (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and a half "and if that didn't fix it you need a new transmission" Are you F inf kidding me?

* * *

My Denali, since the reflash Monday, suc+s to drive. It makes a lot of noise downshifting between 20 mph and a stop. It clunks, it hesitates, it lunges occasionally, and at 35mph it wants to shift, but it doesn't. It sputters. F Ing GREAT for 70 thousand bucks. * * *[10]

c.   2016 Chevrolet Silverado. May 2018 complaint:

Well hate to say this, but my 2016 LTZ 6.2L 8spd tranny is at the dealer with an early diagnosis of a transmission failure. I have 34,000 on the ODO. Honestly the transmission when new shifted like butter, and then around 10,000 I started experiencing some hard shifts. Dealer reflashed. Then around 24,000 miles the symptoms re-appeared, they supposedly did the updated re-flash. Took in yesterday at 34,000 miles for routine service, and the transmission was still experiencing hard shifting AND delayed engagement in D or R AND some erratic RPM bounce. It wasn't all the time, but it was noticeable.[11]

d.   2016 GMC 1500. September 2017 complaint:

Does anybody know if the 2018 model GMC 1500 trucks have upgraded -improved the 8 speed transmissions? My 2016 has only 10000 miles and at the lower speeds it has

---

[10] GinoD, *GM 8 speed transmission problems, they are real- lemon law*, GM-trucks.com (Mar. 31, 2016), https://www.gm-trucks.com/forums/topic/185580-gm-8-speed-transmission-problems-they-are-real-lemon-law/ (last visited Aug. 8, 2019).

[11] Threerun, Comment to *Comprehensive 8 speed transmission thread*, SILVERADOSIERRA (May 24, 2018, 5:29 PM), https://www.silveradosierra.com/transmission/comprehensive-8-speed-transmission-thread-t488418-20.html (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

always shifted funny and sometimes hard. Out on the highway it shifts good in the higher gears. I have to let it warm up alittle or it jumps into gear. I was going up the driveway the other day and the transmission just quit for a second and jumped back into gear. I have contacted the dealer but he says that all the 8 speed trans act that way. Wish now that I would have stayed with the 6 speed trans as my 2014 Tahoe has never given me a problem and shifts smooth.[12]

e.  2016 Chevrolet Corvette. October 2016 complaint:

Many owners of 2016 Chevrolet Corvettes (some 2015's) are reporting on various internet sites IE: Corvette Forum. Stingray Forum, that their new Corvettes, primarily base models with automatic transmissions produce a 'WARBLE' type noise at exactly 1500 RPM under light throttle load , as when going up a slight grade. I am one of said owners. Go to these internet sites and look up 'WARBLE' and even view the video / audio of the issue / complaint. Currently I understand that owners are invoking the lemon law process; GM 'supposedly' has taken back vehicle (s). Basically there is no proven correction at this time. I too have contacted GM and like many others, I was given a "case number". It's been awhile; GM has been involved deeply; taken cars back in exchange...under pretense of studying them. However; GM IS REMAINING VERY QUIET about this serious issue. WHY ? Dealing with this corporation; their possibly covert approach to this serious matter will make GM owners uncomfortable...if they care to listen. Meanwhile, my C7 Stingray, auto has had the differential

---

[12] johnnyo, Comment to *Thread: 2018 8 speed transmissions*, GM INSIDE NEWS (Sept. 12, 2017, 8:41 AM), https://www.gminsidenews.com/forums/f22/2018-8-speed-transmissions-278401/ (last visited Aug. 8, 2019).

COMPLAINT—CLASS ACTION- 35

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

changed; a improvement is noted but the "WARBLE"
goes on.................. and on.....................![13]

f.     2017 GMC Canyon. September 2018 complaint:

Save your money and buy something else. The seriously
flawed 8 speed transmission will leave shuddering and
vibrating due to a faulty torque convertor design. It feels
like you are driving over rumble strips. Worse yet, when
you accelerate the transmission bogs down and is a
serious safety issue. GM is clueless. I understand they
may have a new design torque convertor but you are put
on a waiting list. Meanwhile, makes you wonder what all
in the transmission is being damaged as they will not pay
for a loaner vehicle until the parts come in, even under
their own warranty. So you simply drive the piece of junk
and hope for the best.[14]

g.     2017 Chevrolet Silverado 1500. September 2017 complaint:

I found hundreds of complaints about a transmission slip,
bump feeling when starting to drive or slowing to a stop
with no solutions or suggestions. Took it in last week for
the third time and after hearing the previous 2 times that
it was a "programming issue" they told me it might be
the drive shaft.

When I went to pick it up at Chevy they told me the drive
shaft was fine and gave me the following bulletin
(#PIT5161F). Basically states that if you do not have a
full or empty tank - the shifting in fuel can cause these

---

[13] Devildog, *It's another "WARBLER"*, Posting to *2016 Chevrolet Corvette –
Consumer Review*, Edmunds.Com (Oct. 21, 2016, 12:09 PM),
https://www.edmunds.com/chevrolet/corvette/2016/consumer-reviews/review-
1007291984319881216/ (last visited Aug. 8, 2019).
[14] Jim Hendersonville, *Flawed 8 speed transmission design*, Comment to
*Consumer Reviews: 2017 GMC Canyon*, Cars.com (Sept. 13, 2018),
https://www.cars.com/research/gmc-canyon-2017/consumer-reviews/ (last visited
Aug. 8, 2019).

COMPLAINT—CLASS ACTION- 36

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

characteristics. So here I am thinking that I have a $56,000 truck (high country 4x4) with no rear a/c and now I have to deal with a feeling of getting rear ended if I do not have a full tank of gas. Rear AC - my fault for not noticing...but not sure how GM thinks this gas tank issue is acceptable. Its a truck that weighs over 5,000 lbs and a couple hundred pounds of gas "shifting" can make it feel like it has transmission issues. Owned it about a year and has 15,000 miles on it. Wish I could just return it at this point.[15]

### 2. GM's Service Bulletins Demonstrate that GM Had Knowledge of the Defective Transmissions as Early as September 1, 2014.

43.     As early as 2014, GM knew or should have known that the 8L90 and 8L45 transmissions were defective. That is evidenced by GM's issuing of numerous "service bulletins" related to the defective transmissions, at least one of which—PIP5405, issued in June 2016—noted that the vehicles were "operating as [d]esigned."[16] Service bulletins, or "technical service bulletins" ("TSB"), are issued by manufacturers to vehicle dealers, but not to customers.

44.     GM's first service bulletin relating to its defective transmissions was issued in September 2014. It wouldn't be the last: from September 2014 through

---

[15] Brian S., *Silverado High Countrys V8*, Comment to *Surges and Jerks: 2017 Chevrolet Silverado 1500*, CarComplaints.com (Sep. 1, 2017), https://www.carcomplaints.com/Chevrolet/Silverado_1500/2017/transmission/surges_and_jerks.shtml (last visited Aug. 8, 2019).

[16] Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

February 2019, GM issued over 60 service bulletins relating to these defective transmissions. These bulletins attempted to address various consumer complaints regarding the dangerous problems of shuddering, jerking, hard shifting, and delays in acceleration or deceleration in models equipped with GM's defective transmissions. These bulletins attempted piecemeal fixes to the defective transmissions. Some bulletins were themselves "updated" over 10 times. Unfortunately for Class members, none of GM's proposed "fixes" actually or permanently fixed the defective transmissions.

45.     GM's extensive knowledge of the defective transmissions, and multiple failed efforts to "fix" them, is captured in the following table. The table includes numerous GM service bulletins and their numbers, the GM models to which they applied, the likely date of issue, and the issues/complaints, recommended repairs (if any), relevant updates, and warranty information.[17] It also notes GM's directions in June 2016's PIP5405, that complaints related to "surging" and "unexpected

---

[17] Relevant GM service bulletin acronyms and codes include:
- RPO: Stands for Regular Production Option and is GM's standard coding for vehicle configuration options.
- M5U, M5X, or M5E: GM's service bulletins refer to the 8L90 transmission at issue by name (8L90), by RPO code (M5U, M5X, or M5E), or by both name and RPO code(s).
- M5T or M5N: GM's service bulletins refer to the 8L45 transmission at issue by name (8L45), by RPO code (M5T or M5N), or by both name and RPO code(s).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

acceleration" meant that the vehicles were "operating as [d]esigned," and that, if the problem was widespread enough, it should be considered "normal"[18]:

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| **PIP5200** | July 21, 2014 | **Defective Transmission Part Restriction:** "The 8L90 8 Speed Automatic Transmission is on restriction through GM PQC as part of our ongoing quality improvement efforts to assist Engineering with product concern identification effective on 07/01/2014." <br><br> **11 Updates:** GM issued 11 updates to this bulletin from July 2014 through April 2016. |
| **14-07-30-001** <br> • 2015 Cadillac Escalade, 2015 Cadillac Escalade ESV, 2015 Chevrolet Corvette, and 2015 GMC Yukon | September 1, 2014 | **Harsh Shifting:** Noted that "[s]ome customers may comment on low mileage vehicles with automatic transmission that shift feel to be too firm (harsh) or may slip or flare. Customers should be advised that the transmission makes use of an adaptive function that will help to refine the shift feel while driving and improve shift quality." <br><br> **Recommended Repair:** Included description of transmission's "adaptive learning functions" and a section titled "How to Adapt Your Transmission," which contained GM's instructions to train the adaptive learning process to deal with "a concern with a 1-2 upshift" and "a concern with a 3-1 coastdown (closed throttle) shift." |

---

[18] Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | **Seven Updates:** GM issued seven updates to this bulletin from October 2014 through October 2018. |
| **14876**<br>• 2015 Cadillac Escalade, Cadillac Escalade ESV, 2015 Chevrolet Corvette, 2015 Chevrolet Silverado Double Cab and Crew Cab, 2015 GMC Sierra Double Cab and Crew Cab, 2015 GMC Yukon and 2015 GMC Yukon XL | December 2014 | **Hard Shifting:** Regarded customer complaints related to "hard shifting," stating that "the customer may complain about harsh shifting. This can occur if the vehicle experienced multiple transmission reprogramming events during manufacturing, causing the calibration to over-adjust the shift parameters. This bulletin provides a service adaptive learn procedure that should be run to reset the calibration to the baseline parameters." |
| **15178**<br>• Vehicles equipped with the 8-speed transmission (M5U) | April 2015 | **Recommended Repair:** Directed dealers to perform service updates for inventory vehicles. |
| **15216**<br>• Vehicles equipped with 6.2L Engine (RPO L86) and 8-speed Automatic Transmission (RPO M5U), including the 2015 Cadillac Escalade, Escalade ESV, 2015 Chevrolet Silverado LD Crew and Double Cab, 2015 GMC Sierra LD Crew and Double Cab, Yukon, and Yukon XL | May 2015 | Announced "Customer Satisfaction Program" "to replace two u-joint retainers and four u-joint retainer bolts with new bolts that include an adhesive patch". |
| **15-NA-007**<br>• 2015 Cadillac Escalade, 2015 Chevrolet Silverado, 2015 GMC Sierra, and 2015 GMC Yukon | September 15, 2015 | **Multiple Issues:** Noted that "[f]irm garage shifts, Park to Drive or Park to Reverse after the vehicle has be [sic] sitting for several hours with the engine off," a clunking noise when the engine starts, and/or an illuminated malfunction |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | lamp relating to diagnostic transmission code P16F3.<br><br>**Three Updates:** GM issued three updates to this bulletin from September 2015 through January 2016. |
| **PIP5337**<br>• 2015-2016 Cadillac Escalade, 2015-2016 Cadillac Escalade ESV, 2015-2016 Chevrolet Silverado, 2015-2016 GMC Sierra, 2015-2016 GMC Yukon, and 2015-2016 GMC Yukon XL | October 13, 2015 | **Shuddering:** Advised service technicians that customers may report "[e]xcessive engine RPM fluctuation" and "[a] shudder feeling that may be described as driving over rumble strips or rough pavement."<br><br>**No Recommended Repair:** GM's bulletin included no diagnostic or repair procedures, but merely stated, "These conditions may be caused by an internal torque converter issue. A revised torque converter that addresses these conditions will be available soon."<br><br>**11 Updates:** GM issued 11 updates to this bulletin from January 2016 through October 2018, which added more vehicles and recommended various procedures, e.g., including flushing or replacing transmission fluid. |
| **PIE0353**<br>• 2016 Chevrolet Silverado | February 11, 2016 | **Shaking or Shuddering:** Addressed consumer complaints reporting "a shake or shudder on light acceleration or steady state cruise."<br><br>**Recommended Repair:** Contained instructions to perform different procedures to allow technicians to observe the torque converter clutch slip during the shudder, and explicitly directed the technicians to contact GM engineers listed on the bulletin. |

COMPLAINT—CLASS ACTION- 41

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | GM stated that "GM Engineering is attempting to determine the root cause of the above condition. Engineering has a need to gather information on vehicles PRIOR to repair that may exhibit this condition. As a result, this information will be used to 'root cause' the customer's concern and develop/validate a field fix." **Warranty Info:** The bulletin also included a "Warranty Information" section with Labor Operation code 8480428. |
| **16-NA-014**<br>• 2015-2016 Cadillac Escalade, 2016 Cadillac Escalade ESV, 2016 Cadillac ATS, 2016 Cadillac CTS, 2015-2016 Chevrolet Corvette, 2015-2016 Chevrolet Silverado, 2015-2016 GMC Sierra, 2015-2016 GMC Yukon and 2015-2016 GMC Yukon XL | January 21, 2016 | **Delayed Engagement:** Stated that "[s]ome customers may comment on a condition of delayed engagement when the transmission is shifted from Park to Reverse or Park to Drive after the vehicle has been sitting with the engine off. This condition may typically occur after several hours or more commonly overnight." **Recommended Repair:** GM recommended technicians "[i]nstall a new stator shaft support assembly." **Three Updates:** GM issued at least three updates to this bulletin from April 2016 through November 2016, adding additional parts, complaint types, vehicles, and recommended fixes. |
| **16-NA-019**<br>• All 2016 passenger cars and trucks under the Buick, Cadillac, Chevrolet, or GMC brands equipped with 8L90 or 8L45 automatic transmissions | January 25, 2016 | **Harsh Shifting, Slips, or Flares:** Stated "[s]ome may comment on low mileage vehicles with an automatic transmissions [sic] that they shifting may feel too firm (harsh), slips, or flares. Customers should be advised that the transmission makes use of an adaptive function that will help to refine |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | the shift feel while driving and improve shift quality." |
| | | **Recommended Repair:** Bulletin also included description of transmission's adaptive learning functions and instructions for resetting and "relearning" transmission adapts. |
| | | **Update:** GM updated this bulletin August 2016 to add 2017 model year information and additional instruction to technicians. |
| | | **Warranty Info:** Like PIE0353 and later versions of 14-07-30-001, this bulletin update included a "Warranty Information" section with a specific Labor Operation code. |
| **16-NA-175**<br>• Models built after November 1, 2015, that were equipped with a 5.3L or 6.2L engine and equipped with 8L90 transmissions, including the 2016 Cadillac Escalade, 2016 Chevrolet Silverado, 2016 GMC Sierra, and 2016 GMC Yukon | May 31, 2016 | **Shudder:** Advised service technicians that customer may report a "shudder feeling" akin to driving over rumble strips.<br><br>**Recommended Repair:** Included procedures to diagnose and service the shudder issue, including detailed instructions for flushing the transmission several times and cleaning "the pan/magnet if any metallic particles present and replac[ing] filter if debris is found[.]"<br><br>**13 Updates:** GM issued 13 updates to this bulletin from June 2016 through February 2019.<br><br>**Warranty Info:** Like PIE0353 and later versions of 14-07-30-001, this bulletin update included a "Warranty |

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | Information" section with a specific Labor Operation code. |
| **PIP5405**<br>• 2015-2016 Cadillac Escalade, 2016 Cadillac CTS-V, 2014-2016 Chevrolet Corvette, 2014-2016 Chevrolet Silverado, 2016 Chevrolet Camaro, 2015-2016 Chevrolet Tahoe, 2015-2016 Chevrolet Suburban, 2014-2016 GMC Sierra, 2015-2016 GMC Yukon, and 2015-2016 GMC Yukon XL | June 2, 2016 | **Surge or Unexpected Acceleration:** Advised technicians that customers may report: "[a] concern of surge misfire feeling sensation during highway steady state driving in manual mode or automatic, typically 6th, 7th, 8th gear accelerating 1000 to 2500 rpm under load. TCC engaged, no misfire data or P0300 codes present."<br><br>**No Recommended Repair:** GM stated that if these symptoms are presented, the vehicle "is operating as [d]esigned."<br><br>GM further advised that "[t]he normal operation of engines and transmissions generate various vibrations and engine and transmission mounts try to isolate those vibrations from the rest of the vehicle. While the mounts do a great job of isolating most vibrations there may still be certain engine loads and rpm's that generate vibrations that customers may feel in the vehicle. Changes in engine load or rpm will change the vibrations produced making it more or less apparent to occupants in the vehicle. When issues of this nature are encountered, like equipped vehicles should be compared, and if consistent results are identified, this should be considered a 'normal' characteristic of the vehicle."<br><br>**Update(s):** GM updated this bulletin twice: First on June 6, 2016, adding additional vehicle models: 2014-2016 Chevrolet Corvette, 2016 Chevrolet Camaro, and 2016 Cadillac CTS-V; |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | second on December 12, 2016, expanding the bulletin to 2017 models for the Corvette, Camaro, and Cadillac CTS-V. |
| **16-NA-213**<br>• Vehicles built between July 1, 2015 to September 14, 2015, including the 2015-2016 Cadillac Escalade, 2015-2016 Cadillac ATS, ATS V, CTS, CTS V, 2015-2016 Chevrolet Corvette, 2015-2016 Chevrolet Silverado, and 2015-2016 GMC Sierra | June 28, 2016 | **Harsh Shifting:** Noted "there may be more than one shift that is harsh" and that transmissions with "a suspect Clutch Control Solenoid" should have the valve body replaced. |
| **PIP5437**<br>• 2015-2016 Cadillac Escalade, 2016 Cadillac Escalade ESV, 2016 Cadillac ATS, ATS-V, CTS, and CTS-V, 2015-2017 Chevrolet Corvette, 2015-2017 Chevrolet Silverado, 2016-2017 Chevrolet Camaro, 2015-2017 GMC Sierra, and 2015-2017 GMC Yukon | November 8, 2016 | **Shift Problems and Transmission Debris**<br><br>**Recommended Repair:** Directed technicians to use software to identify the shift problems and to perform a drive learn procedure on low-mileage vehicles. On higher mileage vehicles, the bulletin instructed technicians to remove the transmission fluid pan and inspect for debris. Technicians were further instructed, "if debris is found the transmission should be disassembled for root cause and repairs. If excessive debris is not found the valve body should be replaced."<br><br>**Update:** GM updated the bulletin in November 2016, to cover additional vehicles. |
| **16-NA-411**<br>• 2015-2016 Cadillac Escalade, 2015-2016 Chevrolet Silverado, 2015- | January 20, 2017 | **Multiple Issues:** Addressed consumer comments on the following conditions:<br>• Harsh 1-2 upshift (except for the first 1-2 upshift of the day) |

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| 2016 GMC Sierra, and 2015-2016 GMC Yukon | | • Harsh 3-1 downshift when de-accelerating to a stop<br>• Harsh downshift under heavy throttle apply<br>• Active Fuel Management (AFM) V4 to V8 transmission harshness<br>• Coast down downshifts<br><br>**No Recommended Repair:**<br>Acknowledged that "[t]he new ECM and TCM software will not improve the following conditions and should not be installed for any of the following conditions", including:<br><br>• Shift quality of the first 1-2shift of the day<br>• Power-On lift foot upshifts (Heavy throttle application followed by a closed throttle application which results in a transmission up shift)<br>• Delayed/slow engagement (Refer to Bulletins 16-NA-014 and 16-NA-364)<br>• TCC Shudder (Refer to PIP5337 and Bulletin 16-NA-175)<br>• Engine or Chassis induced vibrations<br>• Fuel Economy |
| **16-NA-404**<br>• 2017 Cadillacs ATS and CTS built before December 6, 2016; 2017 Cadillacs CT6 (Excluding RPO I16) built before November 17, 2016; 2017 Cadillacs Escalade built before December 16, 2016; | April 7, 2017 | **Multiple Issues:** Addressed consumer complaints reporting:<br>• Harsh shift<br>• Delayed shift<br>• Unwanted downshift<br>• Transmission stuck in one gear<br>• Erratic shifting<br>• Hesitation between shifts |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| 2017 Chevrolet Camaro built before December 6, 2016; 2017 Chevrolet Corvette built before December 8, 2016; 2017 Chevrolet Silverado built before December 16, 2016; 2017 Chevrolet Suburban (excluding RPO I16) built before December 16, 2016; 2017 Chevrolet Tahoe (Excluding RPO I16) built before December 16, 2016<br>• Vehicles built before December 16, 2016 and equipped with automatic 8L90 transmissions, including the: 2017 GMC Sierra and 2017 GMC Yukon (excluding RPO I16) | | • MIL illuminated<br><br>**Recommended Repair:** Contained instructions to dealers to reprogram the Transmission Control Module with another software update. |
| **PIE0405**<br>• Vehicle models equipped with transmissions 8L90 (M5U, M5X) and 8L45 (M5T, M5N), for model years 2017 with VINs beginning on March 1, 2017, including the Cadillac ATS, CT6, CTS, Cadillac Escalade, Chevrolet Camaro, Chevrolet Colorado, Chevrolet Corvette, Chevrolet Silverado, GMC Canyon, GMC Sierra, and GMC Yukon | April 7, 2017 | **Shudder**<br><br>**Recommended Repair:** Contained instructions for technicians to perform different procedures to observe the torque converter clutch slip during the shudder, explicitly directing the technicians to contact GM engineers listed on the bulletin.<br><br>GM stated that "GM Engineering is attempting to determine the root cause of the above condition. Engineering has a need to gather information on vehicles PRIOR to repair that may exhibit this condition. As a result, this information will be used to 'root cause' the customer's concern and develop/validate a field fix." |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | **Three Updates:** GM updated the bulletin three times from September 2017 through January 2018.<br><br>**Warranty Info:** The bulletin included a "Warranty Information" section with Labor Operation code 8480428. |
| **16-NA-361**<br>• 2016-2017 Cadillac ATS and CTS, 2016-2017 Cadillac CT6, 2016-2017 Cadillacs Escalade models, 2016-2017 Chevrolet Camaro, 2016-2017 Chevrolet Colorado (VIN S, T), 2015-2017 Chevrolet Corvette, 2017 Chevrolet Silverado, 2017 Chevrolet Express, 2017 GMC Canyon, 2017 GMC Savana, 2015-2017 GMC Sierra and 2015-2017 GMC Yukon | July 21, 2017 | **Harsh Shifting:** Addressed consumer complaints reporting "that the transmission exhibits a harsh 1-2 shift on the first shift of the day, typically under light throttle."<br><br>**No Repair Recommended:** Identified the cause of these reported conditions as "due to the initial clutch fill time of the 2-3-4-6-8 (C4) clutch."<br><br>GM did not include a diagnostic or repair procedure. Instead, it advised: "Important: Replacing transmission components or complete assemblies will not improve the condition." GM alleged that "[t]his condition will not impact the designed performance or reliability of the vehicle." |
| **PIP5526** | October 16, 2017 | **Defective Transmissions Part Restrictions:** Part restriction on the 8L45 and 8L90 8-Speed Transmission Park Pawl Actuator Rod.<br><br>Restriction ended in March 2018. |
| **18-NA-177**<br>• Vehicle models built before June 1, 2018 equipped with 8L45 transmissions (M5T), including the 2017-2018 Chevrolet Colorado and 2017-2018 GMC Canyon | June 5, 2018 | **Shudder**<br><br>**Recommended Repair:** Directed technicians to determine whether the vibration was "TCC [torque converter clutch] Shudder" using picoscope and NVH software. If the cause of the vibration was TCC shudder, technicians |

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Service Bulletin Number and Applicable GM Models | Likely Date GM Issued Bulletin | Issue(s)/Complaint(s), Recommended Repair (if any), Relevant Updates, and Warranty Information |
|---|---|---|
| | | were directed to replace the torque converter assembly, as well as the transmission pan and filter.<br><br>**Warranty Info:** like PIE0353 and later versions of 14-07-30-001, this bulletin update included a "Warranty Information" section with a specific Labor Operation code. |
| **18-NA-235**<br>• 2015-2017 Cadillac Escalade with 6.2L engines and 8L90 (M5U) transmissions; 2015-2018 Chevrolet Silverado with 5.3 (L83) and 6.2 (L86) engines and 8L90 (M5U, M5X) transmissions; 2019 Silverado 1500 (new models) with 5.3 (L84) engines and 8L90 (MQE) transmissions; 2019 Chevrolet Suburban with 5.3 (L83) and 6.2 (L86) engines and 8L90 (M5U) transmissions; 2018-2019 Chevrolet Tahoe with 5.3 (L83) and 6.2 (L86) engines and 8L90 (M5U) transmissions; 2015-2018 GMC | September 11, 2018 | **Surge, Chuggle, Misfire, Fishbite, and Shudder:** Addressed customer complaints of a surge, chuggle, misfire, fishbite, and shudder while driving at a steady sped between 35 and 55 MPH with light steady throttle conditions.<br><br>**No Repair Recommended:** GM stated that "[i]f TCC slip is steady and there are no misfires, the condition should be considered characteristic of the vehicle and no repairs should be attempted." |
| **18-NA-356**<br>• 2015-2018 Chevrolet Colorado and 2015-2018 GMC Canyon with 3.6L (RPO LGZ) engines and 8L45 (RPO M5T) transmissions | November 20, 2018 | **Recommended Repair:** Recommended correction was to "install a tapered shim between the axle and leaf spring to adjust the angle" using the procedure in the bulletin. |

**KELLER ROHRBACK L.L.P.**<br>1201 THIRD AVENUE, SUITE 3200<br>SEATTLE, WA 98101-3052<br>TELEPHONE: (206) 623-1900<br>FACSIMILE: (206) 623-3384

### 3. GM Knew or Should Have Known of the Defect as a Result of Trade Publications' Well-Publicized Criticisms of the Defective Transmissions

46.     Trade publications that criticized GM's defective transmissions also put GM on notice about the problem. Both *Motortrend.com* and *GMauthority.com* published pieces criticizing GM's defective transmissions:

a.     <u>Motor Trend</u>: *Motortrend.com* reported the following issues regarding the Chevrolet Silverado:

> And now's about the time we get to the part where I tell you why **the Silverado could do with another 10 minutes in the oven**, so to speak. Simply put, test numbers aside, we were unimpressed by how the Silverado's volume 5.3-liter DFM V-8 and its **eight-speed automatic** performed. We're disappointed to find that **GM didn't fix the old 5.3's biggest flaws**: its sloppy throttle response at low speeds and its **transmission's overeagerness** to get to its top gear. The truck feels powerful enough once it's moving, but getting there is frustrating. "The engine has power, but it's being tag-teamed by the unholy GM duo of a lazy throttle pedal and **a transmission that hates to downshift**," features editor Scott Evans said. "Every time you want to move, you've got to get deep into the throttle before anything useful happens. **The shifts aren't as smooth as the 10-speed automatic, either**, so you notice every time it's forced to drop two gears to maintain speed up a hill."
>
> The 6.2-liter V-8 and its 10-speed auto, which is only available as an option on the top-level Silverado LTZ and Silverado High Country, improves things immensely. The big V-8 has plenty of power on tap, and it sounds especially great when you bury your foot into the throttle. **The 10-speed automatic is worlds better than the eight-speed, too.** It feels modern and well sorted—basically the polar opposite of the eight-speed automatic. Its shifts are seamless and nearly unnoticeable, and it

doesn't display the hunting behavior of the other transmission, either.[19]

b.    <u>GM Authority</u>: *GMauthority.com* also noted the longstanding issues related to the defective transmissions GM used in the Silverado and Sierra models:

> In prior-generation, K2 platform **Silverado and Sierra, the GM 8-speed was often criticized for its jerky and unexpected shifting behavior that ultimately worsened the satisfaction of driving and/or riding in the pickup.** Whether the improvements made to the 8-speed gearbox in the all-new T1 platform 2019 Sierra and Silverado will address these issues is unknown.[20]

47.    Based on the above trade publications, GM knew or should have known about its defective transmissions. GM's knowledge, or the knowledge GM should have had about its defective transmissions, is even more apparent when you consider the extensive customer complaints with the NHTSA and on internet forums and the long history of GM's service bulletins detailing customer complaints and proposing fixes that never actually fixed the issues with GM's defective transmissions.

---

[19] Christian Seabaugh, *2019 Chevrolet Silverado First Test: Pencils Down*, MotorTrend.com (Sept. 14, 2018), https://www.motortrend.com/cars/chevrolet/silverado-1500/2019/2019-chevrolet-silverado-first-test-review/ (last visited Aug. 8, 2019) (emphases added).

[20] Alex Luft, *GM 8-Speed Automatic Enhanced For 2019 Silverado, Sierra*, GMauthority.com (July 18, 2018), http://gmauthority.com/blog/2018/07/gm-8-speed-automatic-enhanced-for-2019-silverado-sierra/ (last visited Aug. 8, 2019) (emphasis added).

COMPLAINT—CLASS ACTION- 51

**D.  GM Instructed Dealership Employees and Technicians to Inform Class Members that Symptoms of the Defective Transmissions Were "Normal"**

48.  In June 2016, GM issued service bulletin PIP5405.[21] This service bulletin told GM technicians that the defective transmissions were "operating as design[ed]" and that "surges" and "unexpected accelerations" should be considered "normal" if they were found to be widespread.[22] This was in response to customer reports of a "surge" or "misfire feeling sensation during highway steady state driving in manual mode or automatic, typically 6th, 7th, 8th gear accelerating 1000 to 2500 rpm under load."[23]

49.  This service bulletin explains why so many consumer complaints make it clear that someone—GM dealers or "service managers"—was telling consumers that their experiences were "normal":

- "Complained to dealer they said it's normal and there's no fix for the issue." 2016 GMC Sierra. Complaint Filed: April 25, 2019. NHTSA ID Number: 11203727. Consumer Location: Arnold, MO.[24]

---

[21] Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

[22] *Id.*

[23] *Id.*

[24] *Safety Issues & Recalls*, NHTSA, https://www.nhtsa.gov/recalls (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- "Service manager said it was normal." 2019 GMC Sierra. Complaint Filed: April 25, 2019. NHTSA ID Number: 11203684. Consumer Location: Lenoir, NC.[25]

- "GM is saying that this is normal for this eight speed transmission." 2017 GMC Yukon. Complaint Filed: May 15, 2018. NHTSA ID Number: 11093948. Consumer Location: Broken Arrow, OK.[26]

- "Then after transmission flush had vibration between 40-45 they said it was normal that there was nothing else they could do." 2017 GMC Canyon. Complaint Filed: August 1, 2018. NHTSA ID Number: 11066975. Consumer Location: Norman, OK.[27]

- "Cadillac is not accepting responsibility and is saying this is NORMAL."[28]

50.     Service bulletin PIP5405 also explains why Plaintiff Norvell was told by a GM employee or service technician that his truck's jolting, lurching, and jerking were "normal" and that the problem would "resolve itself" after a break-in period.

**E.     The Defective Transmissions Are Covered by GM's Warranty**

51.     Class Vehicles that were newly purchased were covered by both GM's New Vehicle Limited Warranty and Powertrain Component Warranty,[29] which

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Melissa S., *Stay Away From This Vehicle*, Posting to *2015 Cadillac Escalade – Consumer Review*, Edmunds.Com (Sept. 29, 2016, 2:24 PM), https://www.edmunds.com/cadillac/escalade/2015/consumer-reviews/review-991415092109737984/ (last visited Aug. 8, 2019).

[29] Complete warranty terms can be found at *2018 Limited Warranty and Owner Assistance Information*, chevrolet.com (2017),

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

covered the defective transmissions in Class Vehicles because they extended to things like "vehicle defects," numerous transmission-related repairs, and purported to define the duration and terms of the "implied warranty of merchantability or fitness for a particular purpose applicable to this vehicle."

52.    The relevant terms of the **New Vehicle Limited Warranty** include:

Bumper-to-Bumper (Includes Tires): Coverage is for the first 3 years or 36,000 miles, whichever comes first.[30]

Warranty Applies: This warranty is for [GM] vehicles registered in the United States and normally operated in the United States, and is provided to the original and any subsequent owners of the vehicle during the warranty period.[31]

Repairs Covered: The warranty covers repairs to correct any vehicle defect, not slight noise, vibrations, or other normal characteristics of the vehicle due to materials or workmanship occurring during the warranty period. Needed repairs will be performed using new, remanufactured, or refurbished parts.[32]

No Charge: Warranty repairs, including towing, parts, and labor, will be made at no charge.[33]

Obtaining Repairs: To obtain warranty repairs, take the vehicle to a Chevrolet dealer facility within the warranty period and request the needed repairs. Reasonable time

---

https://www.chevrolet.com/content/dam/chevrolet/na/us/english/index/owners/warranty/02-pdfs/2018-chevrolet-limited-warranty-and-owner-assistance-information.pdf (last visited Aug. 8, 2019).

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.*

[33] *Id.*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

must be allowed for the dealer to perform necessary repairs.[34]

Warranty Period: The warranty period for all coverages begins on the date the vehicle is first delivered or put in use and ends at the expiration of the coverage period.[35]

53.     This warranty states that it does not cover "slight noise, vibrations, or other normal characteristics of the vehicle."[36] This may explain why GM service bulletins characterized the defect's symptoms as "operating as [d]esigned" and "normal," because such a characterization would allow GM to avoid covering the repairs under the warranty.[37] But the symptoms of the defective transmissions as described by Plaintiffs and in the numerous complaints from other Class members are anything but normal. Moreover, if the operation that these Class members experienced and continue to experience—despite numerous attempts to "fix" them—is as designed, the transmission design is clearly defective.

54.     The relevant terms of the **Powertrain Component Warranty** include:

---

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *See, e.g.*, Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Powertrain Component Warranty Coverage: Coverage is provided for 5 years or 60,000 miles, whichever comes first.[38]

Transmission/Transaxle Coverage includes: All internally lubricated parts, case, torque converter, mounts, seals, and gaskets as well as any electrical components internal to the transmission/transaxle. Also covered are any actuators directly connected to the transmission (slave cylinder, etc.). Exclusions: Excluded from the powertrain coverage are transmission cooling lines, hoses, radiator, sensors, wiring, and electrical connectors. Also excluded are the clutch and pressure plate as well as any Transmission Control Module and/or module programming.[39]

Other Terms: This warranty gives you specific legal rights and you may also have other rights which vary from state to state. GM does not authorize any person to create for it any other obligation or liability in connection with these vehicles. Any implied warranty of merchantability or fitness for a particular purpose applicable to this vehicle is limited in duration to the duration of this written warranty. Performance of repairs and needed adjustments is the exclusive remedy under this written warranty or any implied warranty. GM shall not be liable for incidental or consequential damages, such as, but not limited to, lost wages or vehicle rental expenses, resulting from breach of this written warranty.[40]

---

[38] *2018 Limited Warranty and Owner Assistance Information*, chevrolet.com 4 (2017), https://www.chevrolet.com/content/dam/chevrolet/na/us/english/index/owners/warranty/02-pdfs/2018-chevrolet-limited-warranty-and-owner-assistance-information.pdf (last visited Aug. 8, 2019).

[39] *Id.* at 5.

[40] *Id.* at 13.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

55.     GM's warranty terms thus cover the defective transmissions in Class

Vehicles.

## V.     CLASS ACTION ALLEGATIONS

**A.     Class Definitions**

56.     Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

Procedure, Plaintiffs brings this action on behalf of themselves and the **Nationwide**

**Class**, defined as:

> All persons or entities in the United States (including its territories
> and the District of Columbia) who purchased or leased a Class
> Vehicle.

57.     In addition to the Nationwide class, and pursuant to Federal Rules of

Civil Procedure Rule 23(c)(5), Plaintiffs seeks to represent the following **State**

**Classes** as well as any subclasses or issue classes as Plaintiffs may propose and/or

the Court may designate at the time of class certification:

> Georgia: All persons or entities in the state of Georgia who
> purchased or leased a Class Vehicle.
>
> Kentucky: All persons or entities in the state of Kentucky who
> purchased or leased a Class Vehicle.
>
> North Carolina: All persons or entities in the state of North
> Carolina who purchased or leased a Class Vehicle.
>
> Tennessee: All persons or entities in the state of Tennessee who
> purchased or leased a Class Vehicle.
>
> Texas: All persons or entities in the state of Texas who
> purchased or leased a Class Vehicle.

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

58.     The following persons and entities are excluded from the Nationwide and State Classes: Defendant; any entity or division in which Defendant has a controlling interest; Defendant's—or any entity or division in which Defendant has a controlling interest's—legal representatives, officers, directors, assigns, and successors; the judge to whom this case is assigned and the judge's staff; (5) any judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (6) any persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiffs reserve the right to amend the Nationwide and State Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

59.     This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

## B.     Class Certification Requirements

60.     Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs and Class members were injured by GM's defective transmissions as detailed above.

61.     **Numerosity: Rule 23(a)(1).** The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are hundreds of thousands, if not millions, of members of the Class, the precise number of Class

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members is unknown to Plaintiffs. However, the precise number of Class members may be ascertained from the Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

62.   **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact that predominate over any questions affecting individual Class members, including without limitation:

a.   Whether GM designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

b.   Whether the Class Vehicles' transmissions—the GM 8L45 and 8L90—are defective;

c.   Whether these defective transmissions created an unreasonable safety risk for Class members who purchased or leased Class Vehicles;

d.   Whether and when GM knew or reasonably should have known of Class Vehicles' defective transmissions and the unreasonable safety risk they created;

e.   Whether GM had and has a duty to disclose the defective nature of the Class Vehicles' transmissions;

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

f.      Whether GM fraudulently concealed the defective nature of the Class Vehicles' transmissions;

g.      Whether GM's conduct violates consumer protection statutes of the various states alleged hereinunder;

h.      Whether GM's conduct breached its express and implied warranties;

i.      Whether GM was unjustly enriched as a result of the conduct alleged herein;

j.      Whether Plaintiffs and Class members are entitled to injunctive or other equitable relief;

k.      Whether Plaintiffs and Class members overpaid for their Class Vehicles; and

l.      Whether Plaintiffs and Class members are entitled to damages and/or other monetary relief and, if so, in what amount.

63.     **Typicality: Rule 23(a)(3).** Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through GM's wrongful conduct as described above.

64.     **Adequacy: Rule 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Classes that Plaintiffs seeks to represent; Plaintiffs have retained counsel competent

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and experienced in complex class action litigation of this kind; and Plaintiffs intend to prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiffs and their counsel.

65.     **Declaratory and Injunctive Relief: Rule 23(b)(2).** GM has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Classes, thereby making appropriate declaratory or injunctive relief with respect to each Class as a whole.

66.     **Superiority: Rule 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members individually are relatively small compared to the burden and expense that would be required to individually litigate their claims against GM, so it would be impracticable for the members of the Classes to individually seek redress for GM's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# VI.  EQUITABLE TOLLING

## A.  Discovery Rule

67.    Plaintiffs and Class members did not discover, and could not have discovered through the exercise of reasonable diligence, GM's deception.

68.    Plaintiffs and Class members could not have discovered, through the exercise of reasonable diligence, that GM was concealing the true nature of the Class Vehicles because the defect is undetectable until it manifests, and GM did not disclose, or intentionally concealed, the true nature of the defective transmissions until after Class members had purchased or leased Class Vehicles.

69.    Further, on information and belief, GM told its authorized dealership employees and technicians to inform Class Members that their vehicles were operating "as [d]esigned" and that the symptoms of the defective transmissions were "normal," if widespread enough, and therefore not a defect as alleged herein. At least one Plaintiff, James Norvell, was told by a GM dealership that his vehicle's jolting, lurching, and jerking were "normal."

70.    Plaintiffs and Class members therefore did not discover, and did not know of, facts that would have caused a reasonable person to suspect that GM had concealed information about the Class Vehicles until shortly before this action was filed.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

71.    For these reasons, all applicable statutes of limitation have been tolled by operation of the discovery rule.

**B.    Tolling Due to GM's Fraudulent Concealment**

72.    All applicable statutes of limitation have also been tolled by GM's knowing, active, and ongoing fraudulent concealment of the facts alleged herein. GM concealed the true nature of the Class Vehicles from the outset.

73.    GM knew or had reason to know that its transmissions were defective beginning as early as September 2014 but concealed the true nature of the Class Vehicles. Further, on information and belief, GM told its authorized dealership employees and technicians to inform Class Members that their vehicles were operating "as [d]esigned" and that the symptoms of the defective transmissions were "normal," if widespread enough, and therefore not a defect as alleged herein. At least one Plaintiff, James Norvell, was told by a GM dealership that his vehicle's jolting, lurching, and jerking were "normal." Thus, all applicable statutes of limitation have been tolled as result of Defendant's knowing concealment of the defect alleged herein.

**C.    Estoppel**

74.    Defendant was and is under a continuous duty to disclose to Plaintiffs and Class members the true nature of the Class Vehicles. Instead, GM actively concealed the true character of the Class Vehicles. Plaintiffs and Class members

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

reasonably relied on Defendant's misrepresentations and omissions of the material facts about the vehicles' functioning, and Defendant is therefore estopped from relying on any statutes of limitation in defense of this action.

## VII.   CLAIMS FOR RELIEF

**A.     Claims Asserted on Behalf of the Nationwide Class**

### COUNT I
### Breach of Implied and Written Warranty
### Magnuson - Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*)

75.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76.     Plaintiffs assert this cause of action on behalf of themselves and the other members of the Nationwide Class. In the alternative, Plaintiff Gutierrez asserts this cause of action on behalf of the Texas and Georgia State Classes; Plaintiff Norvell asserts this cause of action on behalf of the Kentucky State Class; Plaintiff Harman asserts this cause of action on behalf of the North Carolina State Class; and Plaintiff Kidd asserts this cause of action on behalf of the Tennessee State Class.

77.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 15 U.S.C. § 2310(d).

78.     GM's Class Vehicles are a "consumer product," as that term is defined in 15 U.S.C. § 2301(1).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

79.     Plaintiffs and Class members are "consumers," as that term is defined in 15 U.S.C. § 2301(3).

80.     GM is a "warrantor" and "supplier" as those terms are defined in 15 U.S.C. §§ 2301(4) and (5).

81.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied or written warranty.

82.     As described herein, GM provided Plaintiffs and Class members with "implied warranties" and "written warranties" as those terms are defined in 15 U.S.C. § 2301.

83.     GM implicitly warranted that the Class Vehicles were of merchantable quality and fit for such use. This implied warranty included warranties that: (i) the Class Vehicles and their transmissions were manufactured, supplied, distributed, and/or sold by GM were safe and reliable for providing transportation; and (ii) the Class Vehicles and their transmissions would be fit for their intended use while the Class Vehicles were being operated.

84.     GM breached these warranties as described in more detail above with respect to the functioning of the Class Vehicles' transmissions.

85.     Under the written warranties, GM expressly warranted the following: "The warranty covers repairs to correct any vehicle defect, not slight noise,

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

vibrations, or other normal characteristics of the vehicle due to materials or workmanship occurring during the warranty period." This means the warranty covered all defects except for "slight noise, vibrations, or other normal characteristics of the vehicle due to materials or workmanship occurring during the warranty period." The defective transmissions and the symptoms they create are not slight and should not be considered normal, despite their reported frequency and GM's efforts to convince people otherwise. Therefore, it is covered by GM's warranty and GM agreed to provide such repairs "including towing, parts, and labor . . . at no charge" for up to 3 years or 36,000 miles, whichever comes first, for Chevrolet or GM-branded Class Vehicles, and for up to 4 years or 50,000 miles, whichever comes first, for Cadillac-branded Class Vehicles (the "Bumper-to-Bumper Limited Warranties").

86.     Additionally, under the Powertrain Component of the Warranties, GM expressly warranted that the powertrain components listed therein, including the transmission and "all internally lubricated parts, case, torque converter, mounts, seals, and gaskets as well as any electrical components internal to the transmission/transaxle" and "any actuators directly connected to the transmission (slave cylinder, etc.)" are covered under the Warranties for up to 5 years or 60,000 miles, whichever comes first, for Chevrolet or GM-branded Class Vehicles, and for

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

up to 6 years or 70,000 miles, whichever comes first, for Cadillac-branded Class

Vehicles (the "Powertrain Warranties").

87.    GM breached these warranties as described in more detail above with

respect to the functioning of the Class Vehicles' transmissions.

88.    By GM's conduct as described herein, including knowledge of the

defective transmissions and inaction in the face of the knowledge, GM has failed to

comply with its obligations under its written and implied promises, warranties, and

representations.

89.    In its capacity as warrantor, and by the conduct described herein, any

attempts by GM to limit the implied warranties in a manner that would exclude

coverage is unconscionable and any such effort to disclaim, or otherwise limit,

liability is null and void.

90.    All jurisdictional prerequisites have been satisfied.

91.    Plaintiffs and Class members are in privity with GM in that they

purchased the Class Vehicles from GM or its agents.

92.    As a result of GM's breach of warranties, Plaintiffs and Class members

are entitled to revoke their acceptance of the Class Vehicles, obtain damages and

equitable relief, and obtain costs pursuant to 15 U.S.C. § 2310.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT II
### Breach of Express Warranty

93.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

94.     Plaintiffs assert this cause of action on behalf of themselves and the other members of the Nationwide Class. In the alternative, Plaintiff Gutierrez asserts this cause of action on behalf of the Texas and Georgia State Classes; Plaintiff Norvell asserts this cause of action on behalf of the Kentucky State Class; Plaintiff Harman asserts this cause of action on behalf of the North Carolina State Class; and Plaintiff Kidd asserts this cause of action on behalf of the Tennessee State Class.

95.     Uniform Commercial Code § 2-313 provides that an affirmation of fact or promise made by the seller to the buyer, which relates to the goods and becomes part of the basis of the bargain, creates an express warranty that the goods shall conform to the promise.

96.     GM was a merchant or seller with respect to motor vehicles. In selling its Class Vehicles, GM expressly warranted in advertisements, including in various press releases, that the 8-speed automatic transmissions in the Class Vehicles would "enhance[] performance and efficiency," "particularly during low-speed gear changes."[41]

---

[41] *See supra*, notes 2 and 5.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

97.    Plaintiffs and Class members formed contracts with GM at the time Plaintiffs and Class members purchased or leased their Class Vehicles. The terms of the contracts include the promises and affirmations of fact and express warranties made by GM in its New Vehicle Limited Warranty and Powertrain Warranty.

98.    These affirmations and promises were part of the basis of the bargain between the parties.

99.    GM's marketing and advertising constitute express warranties, which served as part of the basis of the bargain and are part of a standardized contract between Plaintiffs and the other members of the Class, on the one hand, and GM on the other.

100.   These warranties were not true, as the Class Vehicles did not provide transmissions that performed as promised.

101.   GM breached these warranties arising from its advertisements, including window stickers, because the Class Vehicles did not perform as advertised, as described in more detail above with respect to the functioning of Class Vehicles' transmissions.

102.   At all times, the 49 states listed below (Louisiana is excluded), and the District of Columbia, have codified and adopted the provisions of the Uniform Commercial Code governing the express warranty of merchantability: ALA. CODE § 7-2-313; ALASKA STAT. § 45.02.313; ARIZ. REV. STAT. §§ 47-2313 and 47-

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2A103; ARK. CODE ANN. § 4-2-313; CAL. COM. CODE §§ 2313 and 10210; COLO. REV. STAT. § 4-2-313; CONN. GEN. STAT. § 42a-2-313; DEL. CODE ANN. TIT. 6, § 2-313; D.C. CODE § 28:2-313; FLA. STAT. § 672.313; GA. CODE ANN. § 11-2-313; HAW. REV. STAT. ANN. § 490:2-313; IDAHO CODE ANN. § 28-2-313; 810 ILL. COMP. STAT. ANN. §§ 5/2-313; IND. CODE ANN. § 26-1-2-313; IOWA CODE § 554.2313; KAN. STAT. ANN. § 84-2-313; KY. REV. STAT. ANN. § 355.2-313; ME. REV. STAT. TIT. 11, § 2-313; MD. CODE ANN.COM. LAW § 2-313; MASS. GEN. LAWS. CH. 106, § 2-313; MICH. COMP. LAWS § 440.2313; MINN. STAT. § 336.2-313; MISS. CODE ANN. § 75-2-313; MO. REV. STAT. § 400.2-313; MONT. CODE ANN. § 30-2-313; NEB. REV. STAT. U.C.C. § 2-313; Nev. Rev. Stat. § 104.2313; N.H. REV. STAT. ANN. § 382-A:2-313; N.J. STAT. ANN. § 12A:2- 313; N.M. STAT. ANN. § 55-2-313; N.Y. U.C.C. LAW § 2-313; N.C. GEN. STAT. § 25-2-313; N.D. CENT. CODE § 41-02-30; OHIO REV. CODE ANN. § 1302.26; OKLA. STAT. TIT. 12A, § 2-313; OR. REV. STAT. § 72.3130; 13 PA. CONS. STAT. § 2313; R.I. GEN. LAWS § 6A-2-313; S.C. CODE ANN. § 36-2-313; S.D. CODIFIED LAWS § 5 7A-2-313; TENN. CODE ANN. § 47-2-313; TEX. BUS. & COM. CODE ANN. § 2.313; UTAH CODE ANN. § 70A-2-313; VT. STAT. ANN. TIT. 9A, § 2-313; VA. CODE ANN. § 8.2-313; WASH. REV. CODE ANN. § 62A.2-313; W. VA. CODE ANN. § 46-2-313; WIS. STAT. § 402.313; and WYO. STAT. ANN. § 34.1-2-313.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

103.   As a direct and proximate result of GM's breach of express warranties, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

## COUNT III
## Breach of Implied Warranty

104.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105.   Plaintiffs assert this cause of action on behalf of themselves and the other members of the Nationwide Class. In the alternative, Plaintiff Gutierrez asserts this cause of action on behalf of the Texas and Georgia State Classes; Plaintiff Norvell asserts this cause of action on behalf of the Kentucky State Class; Plaintiff Harman asserts this cause of action on behalf of the North Carolina State Class; and Plaintiff Kidd asserts this cause of action on behalf of the Tennessee State Class.

106.   GM is and was at all relevant times a "merchant," "seller," and "lessor" with respect to motor vehicles, including the Class Vehicles.

107.   The Class Vehicles are and were at all relevant times "goods."

108.   A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law.

109.   The Class Vehicles, when sold or leased, and at all times thereafter were not fit for the ordinary purpose of providing safe transportation. Specifically, as described in this Complaint, the Class Vehicles' transmissions were defective.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

110. As a direct and proximate result of GM's breach of implied warranties, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

## COUNT IV
## Fraud by Concealment

111. Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

112. Plaintiffs assert this cause of action on behalf of themselves and the other members of the Nationwide Class. In the alternative, Plaintiff Gutierrez asserts this cause of action on behalf of the Texas and Georgia State Classes; Plaintiff Norvell asserts this cause of action on behalf of the Kentucky State Class; Plaintiff Harman asserts this cause of action on behalf of the North Carolina State Class; and Plaintiff Kidd asserts this cause of action on behalf of the Tennessee State Class.

113. GM intentionally concealed the defective transmissions from Plaintiffs and Class Members, including the safety issues described above, acted with reckless disregard for the truth, and denied Plaintiffs and Class members information that is highly relevant to their purchasing and leasing decisions, namely, the nature of the defective transmissions.

114. GM affirmatively concealed the defective transmissions from Plaintiffs and Class Members, allowing reasonable consumers to conclude that the Class Vehicles had no significant defects and would perform and operate properly when

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

driven normally. GM knew, at all relevant times, that this information was material and false.

115.   GM also affirmatively concealed the defective transmissions from Plaintiffs and Class Members by issuing service bulletins that told GM dealers and service technicians that the vehicles were operating "as [d]esigned" and that the problems should be considered "normal."[42] GM dealers and service technicians—on information and belief—passed this information on to consumers, telling them that the symptoms they experienced were "normal," as evidenced by various consumer complaints that mention someone—whether a GM "dealer" or "service manager"— telling them the symptoms were "normal." At least one Plaintiff, James Norvell, was told by a GM dealership that his vehicle's jolting, lurching, and jerking were "normal."

116.   The Class Vehicles purchased or leased by Plaintiffs and Class members were, in fact, defective and unsafe because the Class Vehicles contained defective transmissions.

117.   GM owed Plaintiffs and Class members a duty to disclose the true character of the Class Vehicles and the defective transmissions because Plaintiffs

---

[42] *See, e.g.*, Service Bulletin No. PIP5405, GM, Surge Misfire Feeling Sensation During Highway Steady State Driving (June 2016), https://static.nhtsa.gov/odi/tsbs/2016/SB-10080566-2280.pdf (last visited Aug. 8, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and the other Class members relied on GM's material representations that the Class Vehicles that they were purchasing were safe and free from defects.

118.   The concealed facts were material because if the truth had been disclosed, Plaintiffs and the other Class members would not have purchased or leased the Class Vehicles or would have paid less for them.

119.   As a result of GM's fraudulent concealment, Plaintiffs and the other Class members have been injured in an amount to be proven at trial, including but not limited to actual damages, lost benefit of the bargain, overpayment at the time of purchase or lease, out-of-pocket expenses related to repairs or the cost of seeking repairs, and the diminished value of their Class Vehicles.

## COUNT V
## Unjust Enrichment

120.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.   Plaintiffs assert this cause of action on behalf of themselves and the other members of the Nationwide Class. In the alternative, Plaintiff Gutierrez asserts this cause of action on behalf of the Texas and Georgia State Classes; Plaintiff Norvell asserts this cause of action on behalf of the Kentucky State Class; Plaintiff Harman asserts this cause of action on behalf of the North Carolina State Class; and Plaintiff Kidd asserts this cause of action on behalf of the Tennessee State Class.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

122.   Because of its wrongful acts and omissions, GM charged a higher price for the Class Vehicles than the Class Vehicles' true value.

123.   GM has benefited and been enriched by its conduct as described in this Complaint and by Plaintiffs and Class members' purchase or lease of Class Vehicles.

124.   GM has knowledge of this benefit.

125.   GM has voluntarily accepted and retained this benefit.

126.   GM has been unjustly enriched at the expense of Plaintiffs and Class members, and the retention of this benefit under the circumstances would be inequitable.

127.   Plaintiffs seeks an order requiring GM to make restitution to Plaintiffs and Class Members.

**B.   Claims Brought on Behalf of the State Class(es)**

**COUNT VI**
**Violation of The Georgia Fair Business Practices Act**
**(GA. CODE. ANN. § 10-1-390, *et seq.*)**

128.   Plaintiff Gutierrez ("Georgia Plaintiff") realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

129.   This claim is brought pursuant to the Georgia Fair Business Practices Act (the "Georgia FBPA"), GA. CODE. ANN. § 10-1-390, et seq.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

130.    This claim is included here for notice purposes only. Once the statutory notice period has expired, the Georgia Plaintiff will amend her complaint to bring this claim on behalf of the Georgia State Class.

131.    Georgia Plaintiff and Class members are "consumers" within the meaning of GA. CODE. ANN. § 10-1-393(b).

132.    GM engaged in "trade or commerce" within the meaning of GA. CODE. ANN. § 10-1-393(b).

133.    The Georgia FBPA prohibits declares "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" to be unlawful, Ga. Code. Ann. § 10-1-393(a), including but not limited to "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," "[r]epresenting that goods or services are of a particular standard, quality, or grade … if they are of another," and "[a]dvertising goods or services with intent not to sell them as advertised." GA. CODE. ANN. § 10-1-393(b).

134.    GM concealed the fact that Class Vehicles had defective transmissions that made them unsafe to drive and told various GM dealers and service technicians that the vehicles were operating "as [d]esigned" and that the symptoms were "normal" (if widespread enough). These GM dealers and service technicians passed this misinformation onto Class members, as evidenced by the

various consumer complaints alleging that someone—such as a GM "dealer" or "service manager"—told them the defect's symptoms were "normal."

135.   GM violated the Georgia FBPA by, at minimum, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard and quality when they are not; advertising the Class Vehicles with the intent not to sell them as advertised; and omitting material facts in describing the Class Vehicles.

136.   GM's acts and practices, as discussed throughout this Complaint, constitute "unfair or deceptive acts or practices in the conduct of trade or commerce" that are unlawful, as prohibited by GA. CODE. ANN. § 10-1-393(b).

137.   GM intentionally and knowingly misrepresented and/or concealed material facts regarding the Class Vehicles with the intent to mislead the Georgia Plaintiff and the Class.

138.   GM knew or should have known that its conducted violated the Georgia FBPA.

139.   GM's fraudulent concealment of the true characteristics of the defective transmissions in Class Vehicles were material to the Georgia Plaintiff and Class members.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

140.   GM's violations present a continuing risk to the Georgia Plaintiff as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

141.   GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the Georgia FBPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

142.   As a direct and proximate result of GM's violations of the Georgia FBPA, the Georgia Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

143.   The Georgia Plaintiff requests, and is entitled to recover, damages and exemplary damages for GM's intentional violations, pursuant to GA. CODE. ANN. § 10-1-399(a).

144.   The Georgia Plaintiff also seeks an order enjoining GM's unfair, unlawful, and deceptive practices, attorneys' fees, and any other just relief available under the Georgia FBPA that the Court deems proper.

145.   On August 9, 2019, Georgia Plaintiff sent a letter complying with GA. CODE ANN. § 10-1-399(b) to GM.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

146.    In compliance with GA. CODE ANN. § 10-1-399(g), Georgia

Plaintiff will send a copy of this Complaint to the Administrator of the Georgia

Department of Law's Consumer Protection Division within 20 days of filing.

## COUNT VII
### Violation of The Georgia Uniform Deceptive Trade Practices Act
### (GA. CODE. ANN. § 10-1-370, *et seq.*)

147.    Plaintiff Gutierrez ("Georgia Plaintiff") realleges and incorporates by

reference all preceding paragraphs as though fully set forth herein.

148.    This claim is brought pursuant to the Georgia Uniform Deceptive

Trade Practices Act (the "Georgia UDTPA"), GA. CODE ANN. § 10-1-370, *et*

*seq.*, on behalf of the Georgia State Class.

149.    GM, the Georgia Plaintiff, and Class members are "persons" within

the meaning of GA. CODE ANN. § 10-1-371(5).

150.    The Georgia UDTPA prohibits "deceptive trade practices," which

include "(7) represent[ing] that goods or services are of a particular standard,

quality, or grade or that goods are of a particular style or model, if they are of

another;" "(9) advertis[ing] goods or services with intent not to sell them as

advertised;" and (2) engaging in any other conduct which "causes a likelihood of

confusion or of misunderstanding."  GA. CODE ANN. § 10-1-372(a).

151.    GM concealed the fact that the Class Vehicles had defective

transmissions that made them unsafe to drive and told various GM dealers and

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

service technicians that the vehicles were operating "as [d]esigned" and that the

symptoms were "normal" (if widespread enough). These GM dealers and service

technicians passed this misinformation onto Class Members, as evidenced by the

various consumer complaints alleging that someone—such as a GM "dealer" or

"service manager"—told them the defect's symptoms were "normal."

152.   GM violated the Georgia UDTPA by, at minimum, representing that

the Class Vehicles have characteristics, uses, benefits, and qualities which they do

not have; representing that the Class Vehicles are of a particular standard and

quality when they are not; advertising the Class Vehicles with the intent not to sell

them as advertised; and omitting material facts in describing the Class Vehicles.

153.   GM's acts and practices, as discussed throughout this Complaint,

constitute "unconscionable, false, misleading, or deceptive acts or practices in the

conduct of trade or commerce" by GM, that are unlawful, as enumerated GA.

CODE ANN. § 10-1-372(a).

154.   GM intentionally and knowingly misrepresented material facts

regarding the Class Vehicles with the intent to mislead the Georgia Plaintiff and

the Class.

155.   GM knew or should have known that its conducted violated the

Georgia UDTPA.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

156.   GM's fraudulent concealment of the true characteristics of the defective transmissions in the Class Vehicles was material to the Georgia Plaintiff and Class members.

157.   GM's violations present a continuing risk to the Georgia Plaintiff as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

158.   GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the Georgia UDTPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

159.   As a direct and proximate result of GM's violations of the Georgia UDTPA, the Georgia Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

160.   Georgia Plaintiff seeks an order enjoining Defendants' unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Georgia UDTPA per GA. CODE ANN. § 10-1-373.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT VIII
## Violation Of The Kentucky Consumer Protection Act
## (KY. REV. STAT. § 367.110, *et seq.*)

161.   Plaintiff Norvell ("Kentucky Plaintiff") realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

162.   This claim is brought pursuant to the Kentucky Consumer Protection Act (the "Kentucky CPA"), KY. REV. STAT. § 367.110, *et seq.*, on behalf of the Kentucky State Class.

163.   GM, the Kentucky Plaintiff, and Class members are "persons" within the meaning of KY. REV. STAT. § 367.110(1).

164.   GM is engaged in "trade" or "commerce" within the meaning of KY. REV. STAT. § 367.110(2).

165.   The Kentucky CPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . ." KY. REV. STAT. § 367.170(1). The Kentucky CPA has defined "unfair" to "be construed to mean unconscionable." KY. REV. STAT. § 367.170(2).

166.   GM concealed the fact that Class Vehicles had defective transmissions that made them unsafe to drive and told various GM dealers and service technicians that the vehicles were operating "as [d]esigned" and that the symptoms were "normal" (if widespread enough). These GM dealers and service technicians passed this mis-information onto Class Members, as evidenced by the

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

various consumer complaints alleging that someone—such as a GM "dealer" or "service manager"—told them the defect's symptoms were "normal." Additionally, Kentucky Plaintiff was told that his vehicle's jolting, lurching, and jerking were "normal" and that the problem would "resolve itself" after a break-in period.

167.   GM violated the Kentucky CPA by, at minimum, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard and quality when they are not; advertising the Class Vehicles with the intent not to sell them as advertised; and omitting material facts in describing the Class Vehicles.

168.   GM's acts and practices, as described throughout this Complaint, constitute "unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce" that are unlawful, as enumerated in KY. REV. STAT. § 367.170(2).

169.   GM intentionally and knowingly misrepresented material facts regarding the Class Vehicles with the intent to mislead the Kentucky Plaintiff and the Class.

170.   GM knew or should have known that its conducted violated the Kentucky CPA.

COMPLAINT—CLASS ACTION- 83

171.   GM's fraudulent concealment of the true characteristics of the defective transmissions in the Class Vehicles were material to the Kentucky Plaintiff and Class members.

172.   GM's violations present a continuing risk to Plaintiffs as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

173.   GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the Kentucky CPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

174.   As a direct and proximate result of GM's violations of the Kentucky CPA, the Kentucky Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

175.   Pursuant to KY. REV. STAT. ANN. § 367.220, Plaintiffs seek to recover actual damages in an amount to be determined at trial; an order enjoining GM's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other relief available under KY. REV. STAT. ANN. § 367.220 that the Court deems just and proper.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT IX
## Violation of The North Carolina Unfair And Deceptive Trade Practices Act
### (N.C. GEN. STAT. § 75-1.1, *et seq.*)

176.    Plaintiff Harmon ("North Carolina Plaintiff") realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

177.    This claim is brought pursuant to the North Carolina Unfair and Deceptive Trade Practices Act (the "North Carolina UDTPA"), N.C. GEN. STAT. § 75-1.1, *et seq.*, on behalf of the North Carolina State Class.

178.    GM engaged in "commerce" within the meaning of N.C. GEN. STAT. § 75-1.1(b).

179.    The North Carolina UDTPA declares as unlawful "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." N.C. GEN. STAT. § 75-1.1(a).

180.    GM concealed the fact that Class Vehicles had defective transmissions that made them unsafe to drive and told various GM dealers and service technicians that the vehicles were operating "as [d]esigned" and that the symptoms were "normal" (if widespread enough). These GM dealers and service technicians passed this mis-information onto Class Members, as evidenced by the various consumer complaints alleging that someone—such as a GM "dealer" or "service manager"—told them the defect's symptoms were "normal."

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

181.   GM violated the North Carolina UDTPA by, at minimum, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard and quality when they are not; advertising the Class Vehicles with the intent not to sell them as advertised; and omitting material facts in describing the Class Vehicles.

182.   GM's acts and practices, as described throughout this Complaint, violate the North Carolina UDTPA and therefore are unlawful pursuant to N.C. GEN. STAT. § 75-1.1.

183.   GM intentionally and knowingly misrepresented material facts regarding the Class Vehicles with the intent to mislead the North Carolina Plaintiff and the Class.

184.   GM knew or should have known that its conducted violated the North Carolina UDTPA.

185.   GM's fraudulent concealment of the true characteristics of the fuel efficiency of its Class Vehicles were material to the North Carolina Plaintiff and Class members.

186.   GM's violations present a continuing risk to Plaintiffs as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

187.   GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the North Carolina UDTPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

188.   As a direct and proximate result of GM's violations of the North Carolina UDTPA, the North Carolina Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

189.   Pursuant to N.C. GEN. STAT. § 75-16, Plaintiffs seek monetary damages in an amount to be proven at trial, treble damages, an order enjoining GM's deceptive and unfair conduct, attorneys' fees and costs, and any other relief available under the North Carolina UDTPA that the Court deems just and proper.

## COUNT X
### Violation of The Tennessee Consumer Protection Act
### (TENN. CODE ANN. § 47-18-101, *et seq.*)

190.   Plaintiff Kidd ("Tennessee Plaintiff") realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

191.   This claim is brought pursuant to the Tennessee Consumer Protection Act (the "Tennessee CPA"), TENN. CODE ANN. § 47-18-101, *et seq.*, on behalf of the Tennessee State Class.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

192.    The Tennessee Plaintiff and Class members are "consumer[s]" within the meaning of TENN. CODE ANN. § 47-18-103(2).

193.    The Tennessee Plaintiff, Class members, and GM are "person[s]" within the meaning of TENN. CODE ANN. § 47-18-103(9).

194.    The Class Vehicles constitute "goods" within the meaning of TENN. CODE ANN. § 47-18-103(5).

195.    GM engaged in "trade," "commerce," and/or "consumer transaction[s]" within the meaning of TENN. CODE ANN. § 47-18-103(11).

196.    The Tennessee CPA provides that, "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices", including but not limited to, "(2) causing likelihood of confusion or misunderstanding as to the certification of goods . . . ;" "(5)  representing that goods . . . have . . . characteristics . . . uses, benefits . . . that they do not have;" "(7) representing that goods . . . are of a particular standard, quality or grade, or that goods are of a  particular style or model, if they are of another;" "(9) advertising goods or services with intent not to sell them as advertised;" "(22) using any advertisement containing an offer to sell goods . . . when the offer is not a bona fide effort to sell the advertised goods . . . ;" "(27) engaging in any other act or practice which is deceptive to the consumer or any other person…" TENN. CODE ANN. § 47-18-104(a), (b).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

197.   GM concealed the fact that Class Vehicles had defective transmissions that made them unsafe to drive and told various GM dealers and service technicians that the vehicles were operating "as [d]esigned" and that the symptoms were "normal" (if widespread enough). These GM dealers and service technicians passed this misinformation onto Class Members, as evidenced by the various consumer complaints alleging that someone—such as a GM "dealer" or "service manager"—told them that the defect's symptoms were "normal."

198.   GM violated the Tennessee CPA by, at minimum, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard and quality when they are not; advertising the Class Vehicles with the intent not to sell them as advertised; and omitting material facts in describing the Class Vehicles.

199.   GM's acts and practices, as described throughout this Complaint, constitute "unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices" by GM, that are unlawful, as enumerated in TENN. CODE ANN. § 47-18-104.

200.   GM intentionally and knowingly misrepresented material facts regarding the Class Vehicles with the intent to mislead the Tennessee Plaintiff and the Class.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

201. GM knew or should have known that its conducted violated the Tennessee CPA.

202. GM's fraudulent concealment of the true characteristics of the defective transmissions in the Class Vehicles were material to the Tennessee Plaintiff and Class members.

203. GM's violations present a continuing risk to Plaintiffs as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

204. GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the Tennessee CPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

205. As a direct and proximate result of GM's violations of the Tennessee CPA, the Tennessee Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

206. Pursuant to TENN. CODE ANN. § 47-18-109, Tennessee Plaintiff seeks an order enjoining GM's unfair and/or deceptive acts or practices, damages, treble damages for willful and knowing violations, pursuant to § 47-18-109(a)(3),

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

punitive damages, and attorneys' fees, costs, and any relief available under the

Tennessee CPA that the Court deems just and proper.

**COUNT IX**
**Violation of The Texas Deceptive Trade Practices**
**And Consumer Protection Act**
**(TEX. BUS. & COM. CODE. § 17.41, *et seq.*)**

207.    Plaintiff Gutierrez ("Texas Plaintiff") realleges and incorporates by

reference all preceding paragraphs as though fully set forth herein.

208.    This claim is brought pursuant to the Texas Deceptive Trade Practices

and Consumer Protection Act (the "Texas DTPA"), TEX. BUS. & COM. CODE §

17.41, *et seq.*

209.    This claim is included here for notice purposes only. Once the

statutory notice period has expired, the Texas Plaintiff will amend her complaint to

bring this claim on behalf of the Texas State Class.

210.    The Class Vehicles constitute "goods" within the meaning of TEX.

BUS. & COM. CODE § 17.45(1).

211.    The Texas Plaintiff, Class members, and GM are "person[s]" within

the meaning of TEX. BUS. & COM. CODE § 17.45(3).

212.    The Texas Plaintiff and Class members are also "consumer[s]" within

the meaning of TEX. BUS. & COM. CODE § 17.45(4).

213.    GM was engaged in "trade" and/or "commerce" within the meaning

of TEX. BUS. & COM. CODE § 17.45(6).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

214.    The Texas DTPA defines "unconscionable action or course of action"
to mean "an act or practice which, to a consumer's detriment, takes advantage of
the lack of knowledge, ability, experience, or capacity of the consumer to a grossly
unfair degree." TEX. BUS. & COM. CODE § 17.45(5).

215.    The Texas DTPA prohibits as unlawful, "false, misleading, or
deceptive acts or practices in the conduct of trade or commerce" TEX. BUS. &
COM. CODE § 17.46(a).  Such false, misleading, or deceptive acts or practices
include but are not limited to: "(2) causing confusion or misunderstanding as to the
…certification of goods…"; "(5) representing that goods Representing that goods
or services have sponsorship, approval, characteristics, ingredients, uses, benefits,
or qualities that they do not have"; "(7) Representing that goods or services are of a
particular standard, quality, or grade, or that goods are of a particular style or
model, if they are of another"; and "(9) advertising goods or services with intent
not to sell them as advertised." TEX. BUS. & COM. CODE § 17.46(b).

216.    GM concealed the fact that Class Vehicles had defective
transmissions that made them unsafe to drive and told various GM dealers and
service technicians that the vehicles were operating "as [d]esigned" and that the
symptoms were "normal" (if widespread enough). These GM dealers and service
technicians passed this misinformation onto Class Members, as evidenced by the

various consumer complaints alleging that someone—such as a GM "dealer" or "service manager"—told them the defect's symptoms were "normal."

217.   GM violated the Texas DTPA by, at minimum, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard and quality when they are not; advertising the Class Vehicles with the intent not to sell them as advertised; and omitting material facts in describing the Class Vehicles.

218.   GM's acts and practices, as described throughout this Complaint, constitute "unconscionable," and "false, misleading, or deceptive acts or practices in the conduct of trade or commerce" that are unlawful, as enumerated in TEX. BUS. & COM. CODE §§ 17.45(5) and 17.46(a), (b).

219.   GM intentionally and knowingly misrepresented material facts regarding the Class Vehicles with the intent to mislead the Texas Plaintiff and the Class.

220.   GM knew or should have known that its conducted violated the Texas DTPA.

221.   GM's fraudulent concealment of the true characteristics of the defective transmissions in its Class Vehicles was material to the Texas Plaintiff and Class members.

COMPLAINT—CLASS ACTION- 93

222. GM's violations present a continuing risk to Texas Plaintiff and Class members as well as to the general public. GM's unlawful acts and practices complained of herein affect the public interest.

223. GM had an ongoing duty to its customers to refrain from unfair and deceptive practices under the Texas DTPA. All owners of Class Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of GM's deceptive and unfair acts and practices made in the course of GM's business.

224. As a direct and proximate result of GM's violations of the Texas DTPA, the Texas Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

225. Pursuant to TEX. BUS. & COM. CODE § 17.50, Plaintiffs seek actual damages in an amount to be proved a trial; an order enjoining GM's unconscionable and/or deceptive and/or unfair trade practices; treble and punitive damages; reasonable attorneys' fees and costs, and any other relief available under the Texas DTPA that the Court deems just and proper. Plaintiffs are also entitled to disgorgement or to rescission or to any other relief necessary to restore any money or property that was acquired from them based on violations of the Texas DTPA.

226. On August 9, 2019, Texas Plaintiff sent a letter complying with TEX. BUS. & COM. CODE § 17.505 to GM and a copy to the Texas Office of the Attorney General in compliance with TEX. BUS. & COM. CODE § 17.501, and

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

shall mail a copy of this Complaint to the Office of the Attorney General within 30 days of filing.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Nationwide Class and State Classes, respectfully request that the Court enter judgment against GM as follows:

a.      awarding actual, general, incidental, compensatory, consequential, and statutory damages on the claims asserted above as applicable and in an amount to be proven at trial;

b.      awarding exemplary and punitive damages in an amount to be proven at trial;

c.      awarding reasonable attorneys' fees and costs;

d.      awarding interest on the foregoing;

e.      enjoining the wrongful conduct alleged herein, ordering GM to immediately recall and/or replace the defective transmissions;

f.      providing all equitable relief the Court deems appropriate, including rescission, restitution, and disgorgement of unjust enrichment; and

g.      providing any other relief the Court deems just and proper.

## IX.    DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

COMPLAINT—CLASS ACTION- 95

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED: August 9, 2019

Respectfully submitted by
*/s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko
Gretchen Freeman Cappio
Tana Lin, MI #P63125
Ryan McDevitt
Max Goins (*admission forthcoming*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
tlin@kellerrohrback.com
rmcdevitt@kellerrorhback.com
mgoins@kellerrohrback.com